CASE 66—PETITION—FEBRUARY 5.

# Miller vs. Desha and wife.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. A claimant of attached property, who executes bond and retains possession of the property, has legal notice that a suit is pending to subject the property; and, if he remains quiescent, as to his claim, until, by judgment, the property is subjected to the attachment, he shall not be heard in a defense to the bond, nor on a suit for the recovery of the property or the money for which it was sold. (*Civil Code, secs.* 235, 237, 257.)

2. Voluntary gifts, without valuable consideration, are void as to pre-existing creditors. (*Revised Statutes, sec.* 2, *chap.* 40; *Lowry vs. Fisher,* 2 *Bush,* 70.)

A. H. WARD and

J. S. BOYD & J. Q. WARD,                    For Appellant,

CITED—

*Act of* 1796, *sec.* 2; *Revised Statutes, chap.* 40, *sec.* 2.

2 *Met.,* 207; *Todd & Co. vs. Hartley, &c.*

9 *B. M.,* 514; *Trimble vs. Ratcliffe.*

1 *Met.,* 350; *Enders vs. Williams.*

*Story's Conflict of Laws, sec.* 592, *and notes.*

*Greenleaf on Ev., secs.* 546, 549, *and notes.*

2 *Bush,* 70; *Lowry vs. Fisher, &c.*

R. T. DAVIS,                    For Appellees,

CITED—

*Revised Statutes, p.* 547; 1 *M. & B.,* 737.

9 *B. M.,* 514; *Trimble vs. Ratcliffe.*

1 *Met.,* 350–2; *Enders vs. Williams.*

*Statute* 13, *Elizabeth, ch.* 5.

1 *Conn.,* 525; *Salmon vs. Bennett.*

Miller vs. Desha and wife.

1 *American Leading Cases*, 49–53.

5 *Ohio*, 121; *Brice vs. Myers*.

10 *Ohio*, 469; *Burget vs. Burget*.

2 *Ohio*, 373; *Civil Code*, secs. 257, 235, 237.

15 *Ohio*, 108; *Miller vs. Wilson*.

43 *N. H.*, 118; *Pomeroy vs. Bailey*.

25 *Miss.*, 146; *Young vs. White*.

1 *Mary. Ch. Dec.*, 507; *Atkinson vs. Phillips*.

4 *Sneed (Tenn.)*, 121; *Burkey vs. Self*.

7 *Wendell*, 436; *Jackson vs. Zimmerman*.

1 *Bailey*, 575; *Howard vs. Williams*.

2 *Sandford's Ch. R.*, 139.

6 *Paige's Ch. R.*, 62; *Van Wyck vs. Sword*.

1 *Edward's Ch.*, 497; *Thompson vs. Hammond*.

3 *Edward's Ch.*, 58; *Wilkes vs. Clark*.

2 *Bland*, 26; *Ripp vs. Hanna*.

2 *Brock.*, 132; *Hopkirk vs. Randolph*.

3 *Dana*, 414; *Sanders vs. Hamilton*.

4 *Mon.*, 452; *Suttles vs. Whitlock*.

1 *Greenleaf's Ev.*, sec. 24.

14 *Mon.*, 475; *Penley vs. Hensley*.

1 *Ser. & Rawle*, 442–4.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Miller, having sued out an attachment against the estate of H. F. Cromwell, and having it levied on a negro girl slave, Mrs. Desha executed a bond, as authorized by section 235, Civil Code, to have the property forthcoming to abide the judgment which might be rendered therein. Miller obtained judgment, and the slave was surrendered in satisfaction of the bond, and sold to satisfy the judgment; after which Desha and wife brought this suit, averring that the girl had been given to her by her father, H. F. Cromwell, before the attachment was sued

out; and seek to recover of Miller the price for which the girl sold ; which was adjudged to them; and we are asked to review and correct it.

There are two questions involved—first, was Mrs. Desha precluded, by the execution of the bond and surrender of the slave, from a subsequent assertion of her ownership; secondly, was the conveyance of Cromwell to her illegal and invalid as to his then creditors.

By *section* 235, *Civil Code*, any one in possession of attached property may retain it by executing a bond, with good surety, " that the defendant shall perform the judgment of the court in the action, or that the property or its value shall be forthcoming, and subject to the order of the court for the satisfaction of such judgment."

By *section* 257, of same chapter, Civil Code, " any person may, *before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof*, or of any attached debt, present his petition, verified by oath, to the court, disputing the validity of the attachment, or stating a claim to the property, or to an interest in or lien on it under any other attachment, or otherwise, and setting forth the facts on which such claim is founded, and his claim shall be investigated."

It is evident that the object of these two sections was to open a summary remedy to any claimant of property attached to have his claim tried without the expense and delay and complications which might grow out of such delay, in the bringing another suit; and that the claimant might not be deprived of the possession in the meantime, he might execute a bond as provided in the first quoted section. And should such claimant execute this bond, and fail to prefer his claim so as to have it adjudicated, and fail to deliver the property upon the judgment sustaining the attachment and ordering a sale of the at-

tached property, and the judgment creditor should pursue his action upon the bond by section 237, Civil Code, it is provided that " *it shall not be a defense that the property was not subject to the attachment.*"

We can well understand the philosophy, that if a claimant in possession, who may have executed such bond, fails to present or sustain his claim, that, as he thus permits the judgment to go, he shall not set up his claim as a defense to the bond; and we can appreciate why, if he surrenders the property and it is sold, and a satisfaction of the plaintiff's debt to that extent is had thereby, such claimant shall neither have his suit against the purchaser nor the judgment creditor; because, having executed the bond, he has legal notice that a suit is pending to subject the property, and if he remains quiescent as to his claim until, by judgment, it is subjected to the attachment, he shall then neither be heard in a defense to the bond nor on a suit for the recovery of the money or the property.

· It is said that there is no proof that the obligor in the bond and appellant, Mrs. Desha, are one and the same person; but we think this sufficiently appears from the evidence and sheriff's return of the attachment, which is part of this record.

But as this was a voluntary gift by Cromwell to his daughter, Mrs. Desha, after the debt due to Miller was created, it falls within the prohibition of *section 2, chapter 40, 2 Stanton's Revised Statutes*, 546, declaring voluntary conveyances, without valuable consideration, void as to pre-existing creditors, as decided by this court in a well-considered opinion in *Lowry vs. Fisher, June Term*, 1867, *2 Bush*, 70.

Wherefore, the judgment is reversed, with directions for a new trial, and further proceedings in accordance to this opinion.