Brown v. Vancleave.

---

CASE 54—PETITION EQUITY—DECEMBER 6.

# Brown v. Vancleave.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A JUDGMENT WAS FINAL which completely settled the rights of the parties, although there was an order retaining the case on the docket for the purpose of executing the judgment, which was discharged by the payment of the amount of the judgment into court.

2. PROCEEDINGS UPON AN AMENDED PETITION FILED AFTER JUDGMENT, and after the judgment had been discharged, were mere nullities.

3. AN AMENDED PETITION, which set up a new and distinct cause of action, should have been rejected.

4. CROSS-APPEAL.—Where either party appeals from a final judgment, his adversary may have a cross-appeal from that judgment for the purpose of correcting any errors therein to his prejudice, or any interlocutory order which has influenced or controlled the final judgment to his prejudice; but he can not have a cross-appeal from a judgment wholly distinct from the judgment appealed from.

5. WHERE THE PLAINTIFF HAS ACCEPTED SATISFACTION OF A JUDGMENT, by withdrawing the money deposited in court in satisfaction thereof, he can not appeal therefrom.

B. F. BUCKNER FOR APPELLANT.

1. A judgment for a specific sum, reserving the right to enforce it by the sale of specific property, if not paid within a given time, is a final

judgment from which an appeal will lie. (Helm v. Short, 7 Bush, 625; M. & L. R. R. Co. v. Punnet, 15 B. M.; Applegate v. Applegate, 4 Met., 236; Benton v. Campbell, 2 Dana, 421; Hay v. Hardin, 13 Bush, 346; Robinson v. Scott, 3 Litt., 233.)

2. A cross-appeal can only be entertained to correct errors in the judgment appealed from or interlocutory orders leading up to it. (Field v. Ross, 1 Mon., 133; Terry v. Blight, 3 Mon., 278.)

3. Grounds for a provisional remedy is not a cause of action, but merely auxiliary thereto. (Moore v. Shepherd, 1 Met., 97.)

4. Rendition of a final judgment terminates the power of the court over the case, and any subsequent proceedings are void. Elkin v. McKinney, MS. Op., Nov. 12, 1878; Lee v. Colston, 5 Mon., 242; Larue v. Larue, 2 Litt., 258; Watts v. Thomas, Litt. Select Cases, 248.)

O'NEAL, JACKSON & PHELPS FOR APPELLEE.

1. A domestic judgment of a court of general jurisdiction cannot be collaterally attacked unless want of jurisdiction appears upon the record. (Freeman on Judgments, 131; Coil v. Haven, 30 Conn., 199; Cooley's Const. Lim., 510, 511; Newcomb v. Newcomb, 13 Bush, 564; Hart v. Griggsby, 14 Bush, 542.)

2. A pledge of partnership property by one partner for the loan of money, to be used in the partnership business, is binding on the firm. (Lindley on Partnership, vol. 1, 269; Gregg v. Fisher, 3 Brad., 111, 261.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee brought suit in the Louisville Chancery Court against the firm of Noland, Price & Co., the appellant, Brown, being a member of the firm, on two promissory notes for two thousand dollars each, to each of which the name of said firm was signed.

The defendants were proceeded against as non-residents, and an attachment was obtained against them, which was levied upon thirty shares of stock as the property of the appellant, Brown. Afterwards, appellant, Brown, appeared and filed his answer, in which he pleaded that the notes were given without any consideration; for the liabilities for which they were given were liabilities of the firm of Noland, Price, Joiner & Co., of which firm he, Brown, was not a member; and

that the firm name of Noland, Price & Co.; of which firm he, Brown, was a member, was signed to said notes by Noland, without the authority of said firm or of him, Brown.

On the trial of the issue thus presented the chancellor found the facts alleged by Brown to be true, except that five hundred and ten dollars and ninety-nine cents of the notes consisted of indebtedness due to the appellee by the firm of Noland, Price & Co., for which sum, together with interest thereon, the court gave judgment against the appellant, Brown. This judgment was rendered on the twenty-ninth day of April, 1884.

Besides the formal adjudication of the amount of recovery, the judgment contains this provision:

"Unless the defendant, Brown, shall within ten days tender the plaintiff or pay into court the amount of this judgment and interest and the cost, to be ascertained by taxation of the clerk, the court will proceed to render judgment for the sale of the attached property, or otherwise dispose of the same, for which purpose the action is retained."

The appellant, Brown, made a motion for a new trial, which motion was overruled on the thirteenth of May, 1884. On that day he paid into court five hundred and ninety-five dollars and ten cents, the full amount of the judgment, interest and cost. This sum he had previously tendered within the ten days allowed to the appellant. On the same day that the appellant paid this sum into court in the discharge of the judgment, and after the sum was so paid into court, the appellee filed an amended petition, in which he sought to sub-

ject appellant's thirty shares of stock attached to the payment of the two notes, upon the ground that Noland had appellant's authority to pledge this stock for the payment of said notes, and that Noland did pledge the stock for the payment of the notes.   The appellant objected to the filing of the amended petition, but his objection was overruled.   He thereupon filed an answer controverting the allegations of the amended petition.   On the thirteenth of February, 1885, judgment was rendered on the amended petition in favor of the appellee, and subjecting the stock to the payment of said notes.   From which judgment the appellant, Brown, has appealed.

The appellant's appeal was filed in the Superior Court on June the 11th, 1886.   The appellee, on the twenty-third of March, 1887, prayed a cross-appeal from the judgment rendered the twenty-ninth of April, 1884. The Superior Court on May the 4th, 1887, granted the cross-appeal.   Thereupon, the appeal and cross-appeal were transferred to this court.

The appellant denies the right of the appellee to a cross-appeal.   First. Because the judgment rendered on the twenty-ninth of April, 1884, is a separate and distinct judgment from the judgment rendered on the thirteenth of February, 1885, from which he appealed. Second.  Because the judgment rendered on the twenty-ninth of April, 1884, is a final judgment, and more than two years having elapsed from the rendition of that judgment to the filing of the cross-appeal, the appellee's right to appeal is barred.   Third. The appellee having voluntarily withdrawn the money which the appellant deposited in court in discharge of the judg-

ment rendered on the twenty-ninth of April, 1884, he has deprived himself of his right to appeal from that judgment.

In the case of the appellee against Noland, Price & Co., the issue joined between the appellant and appellee involved not only the question of the appellant's liability on the two notes sued on, but the extent of that liability. The chancellor resolved that issue in favor of the appellee, and fixed the liability of the appellant at five hundred and ten dollars and ninety-nine cents, and interest thereon and costs, for which judgment was rendered against the appellant on the twenty-ninth of April, 1884. This judgment was essentially final, from which either party had the right to appeal.

By the amended petition filed after said judgment was rendered, the appellee sought to subject the thirty shares of stock attached as the property of the appellant to the satisfaction of the two notes, upon the ground that Noland, by the authority of the appellant, had pledged this stock to the appellee as collateral security for the payment of these two notes. The object of the amended petition was not to subject the stock to the payment of the notes, on account of the appellant's liability thereon, because his liability thereon had already been determined by the court, and that liability had been discharged by the payment of the money in court, under its order, in satisfaction of the judgment; but the object of the amendment was to subject the stock to the satisfaction of the remaining portion of the notes, for which it had been adjudged the appellant was not liable. The amendment, therefore, alleged a distinct and new cause of action, which

was in no manner germane to the issue joined in the original action between the appellant and appellee. In the original action the judgment against the appellant fixing his liability was complete and final. In the action by the amended proceeding a new, independent and distinct cause of action was presented, which was prosecuted to a final judgment, from which the appellant has appealed.

When either party appeals from a final judgment, his adversary may have a cross-appeal from that judgment, for the purpose of correcting any errors in the judgment to his prejudice or any interlocutory judgment or order which has influenced or controlled the final judgment to his prejudice. But he certainly can not have a cross-appeal from a judgment, although rendered in an action between him and the appellant, which was rendered in an action wholly distinct from the action in which the judgment was rendered and appealed from by the appellant.

Also, if the cross-appeal might be regarded as an original appeal, which, however, is not conceded, it should be dismissed, because the appeal was not taken within two years from the time of the rendition of the judgment in the lower court.

Also, the appellant paid in court, pursuant to the order of court, the amount of the debt, interest and costs, for which judgment was rendered on the twenty-ninth of April, 1884. This sum was paid in court in discharge of the judgment, and the appellee subsequently withdrew said sum and appropriated it to his own use. It must be deemed that the money was paid in court in discharge of the judgment, and that the

appellee so received it.   Therefore, as has been settled by this court, such payment was in legal effect a satisfaction of the appellee's demand against the appellant, and barred his right to appeal from the judgment.

The appellant also contends that the appellee had no right to file the amendment; and that the subsequent proceedings thereon, including the judgment, were void.

As intimated in a preceding part of this opinion, the judgment rendered on the twenty-ninth of April, 1884, absolutely settled the rights of the appellant and appellee.   The judgment was final.   It left no controversy, as between the appellant and appellee, open to be thereafter settled by the judgment of the court.   By the judgment, the case was to remain on the docket solely for the purpose of ordering the sale of the attached property to satisfy the judgment, in case the appellant did not within ten days satisfy the judgment by paying the money in court.   But the judgment was, nevertheless, final; the order retaining the case on the docket was solely for the purpose of executing the judgment.   This order provided that the appellant might execute it by paying the amount of the judgment into court.   This the appellant did, and by so doing the judgment was discharged.   · Upon the payment of the money in court, it required no formal order of court to discharge the judgment.   The fact that the money was paid into court by the court's order, and the reception of it by the court, was of itself a discharge of the judgment.   So, then, after a final judgment had been rendered, and after it had been discharged according to the terms prescribed by the court, the appellee filed an

amended petition, in which he set up a new and distinct cause of action against the appellant. The cause of action thus set up was not designed to aid in effectuating the judgment already rendered, for that judgment had been satisfied ; but it was designed to subject the appellant's property to the payment of the remaining portion of the two notes, for the payment of which, he, according to the judgment of the court, was not bound. It is thus seen that the amendment proposed a new and distinct cause of action, and for that reason alone the amendment should have been rejected.

But, as just said, the rights of the parties had been litigated to a final judgment. After the rendition of that judgment, could the appellee, without first having that judgment set aside and the case reopened, have filed an amended petition, either setting up new plaints or enlarging or perfecting old ones? We think not. Could he, after the judgment was rendered, have filed an amended petition setting up that the appellant was indebted to him an additional sum of money? We think not. By the rendition of the final judgment the power of the court is spent, except for the purpose of setting aside the judgment or modifying it at the same term, as may be provided by the rules of pleading, and the rights of the parties, thus settled by the final judgment, are at an end. The litigated questions raised by the pleadings are merged in the judgment. The pleadings thus having fulfilled their office, there is nothing remaining before the court to be amended, and any amendment thereafter filed over the objections of the adversary and the subsequent proceedings thereon, including the judgment, are mere nullities.

The judgments are reversed, and the case is remanded with directions to dismiss the appellee's petition and amended petition.