Meadows v. Goff.

CASE 85—PETITION ORDINARY—OCTOBER 16.

# Meadows v. Goff.

APPEAL FROM ESTILL CIRCUIT COURT.

1. AMENDMENT OF PLEADINGS AFTER JUDGMENT.—After final judgment has been rendered in an action, it is too late for either party to file amendments to the pleadings, or for a stranger to the action to file a petition to be made a party. Therefore, after judgment by default for the recovery of land had been rendered against the defendant, it was too late for the wife of the defendant to file a petition to be made a party-defendant, setting up claim to the land.

2. A JUDGMENT BINDS NO ONE EXCEPT THE PARTIES TO THE ACTION OR THEIR PRIVIES. Therefore, a judgment against the husband for the recovery of the wife's land in his possession, rendered in an action to which the wife was not a party, does not bind the wife, either as to the title or the right of possession.

S. F. J. TRABUE, JR., FOR APPELLANTS.

1. The judgment should be reversed for errors appearing on the face of the petition. Plaintiff states that he is the owner of *five-eighths* of a tract of land which is described by metes and bounds, but he does not describe by metes and bounds the five-eighths of which he claims to be the owner, and does not show who is the owner of the other three-eighths.

Meadows v. Goff.

:2. Nancy Meadows should have been made a party, and allowed to set up her title to the land in controversy. (Civil Code of Practice, sec. 29.) It can not be said that only the possession, and not the title of the wife, is affected by the judgment, for, if the wife is deprived of the possession, she will be compelled to become a plaintiff in ejectment, and thereby lose the vantage ground which the possession conferred. (Tevis v. Hicks, 38 Cal., 234.)

 The possession of the husband inures to the benefit of the wife's title. (8 B. M., 32.)

 The husband should hold the wife's land consistent with the title of the wife, and he will be presumed to do so unless the contrary appears. (Young v. Adams, 4 B. M.)

W. M. BECKNER, W. H. & G. E. LILLY FOR APPELLEE.

1. While any one interested can, by petition to the court *before judgment* is rendered in a cause, be made a party thereto, it is too late after judgment to make such an application. (Williams v. Hall, 7 B. M., 275.)

2. If Nancy Meadows has any interest in the land in controversy, her rights have not been prejudiced, as the judgment is not binding on her, she not being a party to the action.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee brought an action of ejectment against the appellant, Henry Meadows, and recovered judgment by default against him for five-eighths of about five hundred acres of land, and a writ of possession was awarded the appellee against said appellant for said quantity of land. The appellant, Nancy Meadows, was not made a defendant to said action, nor did she appear therein as a party to the same. After the rendition of said judgment, but before the writ of possession was fully executed, the appellant, Nancy Meadows, filed her petition to be made a party-defendant to said action, and she be permitted to defend the same, upon the ground that the land belonged to her, and that her husband's possession thereof was in right of her title and right of possession, and that

he did not defend the claim of the appellant to be the owner of said land, because he was ignorant of his legal rights in that regard. The lower court sustained a demurrer to said petition, and the appellants have appealed to this court.

The office of pleadings is to make known to the court the cause of complaint or the cause of defense, and the court is to look to the pleadings alone to determine what the cause of complaint or defense is. This is why written pleadings are required. When the issue made by these pleadings has been passed upon by the court and gone into judgment, their office is at an end. They are no longer in court for any purpose whatever, except as containing the evidence of the authority of the court to render the judgment, which is alone looked to as containing the rights of the parties upon the issues that they had theretofore made. Accordingly, we have held in the case of Brown v. Vancleave, 86 Ky., 381, that after a final judgment has been rendered in a case, the parties thereto have no right to file amended pleadings.

The judgment rendered in this case. against Henry Meadows, now one of the plaintiffs, by his default terminated the office of the pleadings, and precluded any right of either party to thereafter plead, unless he should acquire the right by obtaining a new trial, and thereby vitalizing the pleadings so as to allow amendments, &c. The appellant, Nancy, was not before the court in the action against her husband, but she had the right by petition to have herself made a party to the action, and set up her right to the land at any time before judgment was rendered; but after

the judgment was rendered, her right to appear in the action was cut off, because there was then no action pending for the purpose of allowing any further pleading whatever by either party to the action, or by a stranger to it.

Besides, it is a well-settled rule that a judgment binds no one except the parties to the action or their privies. Also, the appellant, Nancy, is not a privy of her husband in a matter of this kind, and the judgment against her husband deciding that the land belonged to the appellee, and that the appellee was entitled to the possession of it, does not bind her. That judgment only establishes the fact, so far as others are concerned, that, as between the appellee and Henry Meadows and his privies, the land and possession thereof belonged to the appellee. But the appellant, Nancy, was not a privy of the appellant Henry; hence she was not bound by the judgment, either as to the right of title or of possession, because as to the former he had no right, and as to the latter his right was in virtue of his wife's right of possession, and in trust for her benefit equally with himself, which he is entitled to by reason of her right, and which he can not be deprived of by an adverse claim of right like this one. His absolute right to possession does not begin until after the death of the wife, and upon condition that there was issue born alive unto them.

The judgment is affirmed.