CASE 51.—ACTION BY CARLISLE W. PATTON AGAINST THE
    MADISON NATIONAL BANK FOR THE VALUE OF
    CERTAIN PERSONAL PROPERTY WRONGFULLY
    ATTACHED.—September 20.

# Patton v. Madison National Bank

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1.  Attachment—Wrongful Attachment—Damages.—A claimant of
    attached property, who is not made a party to the action, as
    authorized by Civ. Code Prac., Sec. 29, may intervene in the
    action and set up his claim, or he may, after judgment sus-
    taining the attachment, sue for the property or its value.
2.  Same—Damages.—A claimant of attached property, who seeks
    damages therefor, can only recover the actual value thereof,
    in the absence of a showing that the attaching creditor had
    knowledge that the property was of special value to the
    claimant.

J. J. GREENLEAF for appellant.

### POINTS AND AUTHORITIES.

Reading from Meadows v. Goff, 90 Ky., 540, we find that "a
judgment binds no one except the parties to the action or their
privies."

Am. & Eng. Ency. of Law, vol. 18, pp. 100, 101; also p. 104; also
109, 110; Carr v. Bob, 7 Dana, 417; Smith v. Clay (3 Cro. c. c.,
640).

W. S. MOBERLY for appellee.

The various excuses set forth by appellant in her brief are
trifling, and we cannot see that they offer the least excuse for

her laches; and on the ground that she cannot rely on the negligence of her attorney, as an excuse for the delay, we refer to Am. & Eng. Ency. of Law, 2d ed., vol. 18, p. 11.

AUTHORITIES CITED.

Sec. 29 of the Civ. Code Prac.; Miller v. Desha, etc., 66 Ky. Law Rep., 214, 215; Deposit Bank of Frankfort, etc., v. Thomason, etc., 66 S. W., 605; Ritchie v. Cincinnati, N. O. & T. P. Ry. Co., 21 S. W., 641 (14 Ky. Law Rep., 831); Am. & Eng. Ency. of Law, vol. 16, p. 787 (1st ed.) also same vol., pp. 790, 792, 808; Lee v. Wilson, 5 Ky. Law Rep., 765; Cartnell's exr., v. Allen, 12 Ky. Law Rep., 43; Heaverin, etc., v. Robinson, 21 S. W., 876; 15 Ky. Law Rep., 15, 16; Murphy, etc., v. Cochran's trustee, 80 Ky. Law Rep., 239; Meadows v. Goff, 90 Ky. Law Rep., 540; C. Y. C., vol. 16, p. 202; Am. and Eng. Ency. of Law, 2d ed., vol. 181, p. 111; C. Y. C., vol. 16, p. 176; "Cyc.", vol. 16, p. 152.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

On the 25th day of October, 1906, appellant filed a petition in which she stated that she was the owner and entitled to the immediate possession of many articles of personal property, which she particularly described, and stated the value of each article; the aggregate value amounting to $291. She also alleged that in the month of January, 1905, appellee bank instituted a suit in the Madison circuit court against G. W. Evans and J. Stone Walker, and caused an attachment to be issued and placed in the hands of the sheriff of the county, which was levied on the property of Evans and Walker, and also levied on the property of this appellant, the same described in her petition, as the property of Evans and Walker; that none of the articles of property were ever the property of Evans and Walker, or any one else save appellant; that at the time her property was levied on the appellee was notified that the articles levied on belonged to this appellant, and she protested

against the levy on and the sale of the property by the bank, but over her objection and against her consent it caused the property to be sold for the amount stated in her petition. She afterwards filed an amended petition, and charged that a large number of the articles claimed in her petition were heirlooms, given to her by her mother and other members of her family, and to her of far greater value than their actual intrinsic value, and that on account of the conduct of the bank, which caused her the loss of these articles, she had been damaged in the sum of $1,000. Appellee filed a general demurrer to the petition and amended petition, which was sustained. Appellant then filed another amended petition, in which she undertook to give the reasons why she had failed to file an intervening petition in the action of appellee against Evans and Walker, setting up her claim of ownership to the property. In our opinion this amendment was not necessary, and did not aid her cause of action. It is conceded she was not a party to the action of appellee against Evans and Walker; and in our opinion, from the record as it now appears, she was not precluded by any judgment rendered therein.

It is contended by counsel for appellee that the provisions of section 29 of the Civil Code of Practice points out the manner in which a claimant, whose property has been attached, may intervene and set up his claim thereto, and that it is the only method by which a claimant of property that has been attached can assert his claim thereto and have the same adjudicated, and if the party delays until after judgment in the attachment suit he is forever barred from recovering his property or its value. Before this provision of the Code was enacted, a party whose

property was attached for the payment of another's debt was compelled to take the course that this appellant is now taking and bring an independent action for the recovery of the property or its value; and this provision of the Code was enacted, giving an additional remedy by an intervening petition, that the matter might be settled in one action. Under this and other provisions of the Code appellee might have made appellant a party, or she, by her petition, might have become a party, to the action of the bank against Evans and Walker; and there had the matter finally litigated; but the provisions of the Code do not make it compulsory upon either to so proceed.

Appellee's counsel cites the cases of Miller v. Desha, 66 Ky. 214, Deposit Bank of Frankfort v. Thomason, 23 Ky. Law Rep. 1857, 66 S. W. 605, and others, as sustaining his position that failing to file the intervening petition until after the final judgment in the attachment suit is a bar to the claim of the claimant to the property. The cases do not support his contention. These cases were discussed and considered upon the idea that the claimant of the property was a party to the action, either by intervening petition, service of process, or by the execution of the bond and the retention of the possession of the property by the claimant. It appears that the execution of such a bond by the claimant of the property has the effect to make him a party to the action to such an extent, at least, as will preclude him, after he fails to present his claim to the property before the final judgment in the action in which the attachment was obtained. See cases before cited and sections 214 and 690 of the Civil Code of Practice. It is a well-settled rule that a judgment binds no one except parties to the action and their privies. See

Meadows v. Goff, 90 Ky. 540, 14 S. W. 535, 12 Ky. L. R. 495. As stated, appellant was not a party to the action of appellee against Evans and Walker, nor was she a privy of either Evans or Walker; and the judgment in that action, selling her property as their property, was and is not binding upon her.

In our opinion the court erred in sustaining a demurrer to the petition, but acted properly in sustaining the demurrer to the amended petition, in which she alleged that a number of the articles of property were heirlooms, that to her were of far greater value than their actual value, and claimed damages for $1,000. It is not alleged that appellee had any knowledge or information of this fact before the property was sold under order of court. If the property is appellant's, its actual value is all she should be permitted to recover under the facts and circumstances appearing in this record.

For these reasons, the judgment of the lower court is reversed, and remanded for further proceedings consistent herewith.