## Albers v. The Norton Company.

(Decided February 27, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1.  Contracts—Fire Insurance—Rents and Taxes—Rights of Parties. —Appellant leased from appellee a lot in the city of Louisville for six years at an annual rental of $720.00, and to pay the taxes and assessments, making in all about $900.00 per year.  Near by was a livery stable which appellant bought and which was burned. At the time of the fire appellant was owing appellee rents and taxes due on the property about $700.00 for which appellee brought this suit and garnished the insurance company, which had a policy

on the property. The insurance company answered and paid $2,210.00 into court. Appellant admitted his liability for the rents due at the time of the fire but claimed that under Kentucky Statutes, section 2297, and an ordinance of the city of Louisville, he was not liable. Appellee recovered $700.00 to be paid out of the insurance money. Hence this appeal. Held, the policy of the law is that all issues growing out of the same contract should be determined at one time and in the same action.

2.  Landlord and Tenant—Claim to Insurance Money.—We have been unable to find any authority that would allow a landlord in such a case to claim the insurance money in lieu of the building which it is conceded belonged to appellant. Judgment reversed with directions to the court to enter an order turning this insurance money over to appellant.

A. G. RUCKER, ALEX. G. BARRET for appellant.

W. PRATT DALE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

In April, 1905, appellant leased from appellee a certain lot in the city of Louisville, situated on the south side of Jefferson street, between eighth and ninth streets, for a term of six years, and agreed to pay appellee an annual rental of $720.00 and to pay all taxes and assessments of every kind that accrued, making the actual rental paid about $900.00 per year. We here copy the parts of the lease contract that have direct application to the questions involved:

"As additional security for the payment of above rent; said second party shall keep all the improvements upon said property insured to their full insurable value, in companies of insurance satisfactory to said first party, and shall deliver such policies of insurance promptly to the first party, with loss, if any, payable to it. The insurance money collected by said first party in case of total or partial destruction of said building by fire to be applied toward the restoration of the buildings upon said property so far as it may be sufficient, and the necessary additional sum to fully restore said premises to their former state shall be furnished by said first party of the second part.

It is further agreed that the said first party, its successors and assigns, is to have the first lien on this lease and all improvements which now stand on said premises or which may hereafter be erected thereon for all the rents and obligations of every kind which shall accrue

under this lease, and a lien is hereby created on same for that purpose.

It is further agreed that the party of the second part, his heirs, executors, administrators and assigns, shall comply with the laws of the State and city ordinances with relation to the occupancy of said premises and streets, alleys and sidewalks in the front and rear of the same.

Said second party further covenants and agrees to keep all of the buildings and improvements upon said premises and the sidewalks in front of said premises in good repair at his own expense during the entire term of this lease, and at the expiration hereof to deliver over to said first party the brick house on the Green St. end of said lot in as good order as it now is, ordinary wear and tear and natural decay excepted.

At the expiration of the term hereby demised or leased, or in the event of its earlier determination for any of the causes herein specified, said lessor (its successors or assigns) shall at its (or their) option become and be absolutely and forever the owner of said buildings, free from any right, title, interest or equity of the said lessee (his heirs, executors, administrators or assigns) therein by said lessor (its successors or assigns) paying said lessee (his heirs, executors, administrators or assigns) for all the buildings aforesaid (except that already owned by the lessor) what the materials in the same would be worth if taken down and piled upon the premises such amount to be fixed by arbitration in case of disagreement. If, however, said lessor (its successors or assigns) shall elect not to exercise such option, then said lessee must upon the termination of this lease remove from said premises all of the improvements owned by him, all rents and other obligations hereunder being first paid and shall leave the lot free and clear from all rubbish, filth or other encumbrance.''

This property was situated between Jefferson and Green streets, and there was an old, dilapidated brick house on the Green street end of the lot which was not used and has since been razed by order of the city authorities. This building belonged to the lessor. On the Jefferson street end of the lot was located a frame livery stable with a brick front, which was erected by one Lynn, a former lessee of the property, at his own expense. Lynn sold this stable and his lease to appellant just prior to 1905 and he was the owner thereof at the

time he leased the property from appellee in 1905, as is stated in the contract of lease. Nearly one-half of the six years, the term of the lease, had expired when this livery stable building and its contents were destroyed by fire without fault upon the part of any one. At the time of this fire appellant was owing appellee rents and taxes due on the property, about $700 for which appellee brought this action and garnisheed the insurance company which had a policy for $2,500 upon the property destroyed. The insurance company answered and paid $2,210 into court, stating that there had been previous damage to the property by fire and it had paid enough on the policy to reduce it to the amount paid into court. Appellee also, at the same time, instituted a proceeding by distress and attachment before a justice of the peace, claiming that under its contract with appellant, he was bound for the rent coming due after the fire and before the expiration of the contract of lease. This proceeding was transferred to the circuit court and consolidated with the action for rents due. Appellant answered admitting his liability for the rents due at the time of the fire, but made an issue with appellee as to his liability for rents after the fire. He claimed that by reason of section 2297, Kentucky Statutes, and an ordinance of the city of Louisville which was enacted after the date of the lease contract and before the fire prohibiting the erection of any wooden building within certain limits, which included the lot leased, released him from payment of rents which would have accrued had it not been for the fire, and by reason of the ordinance it was impossible to erect a building like the one destroyed. Appellee filed a reply denying the application of the statutes and ordinance. The case was prepared on this state of the pleadings; some proof was taken and the court determined that appellant was liable for the rents due at the time of the fire, fixing the sum at about $700, and directed that amount to be paid to appellee out of the money the insurance company paid into court, but determined that by reason of the statute and ordinance referred to the contract of lease was at an end, and that appellant was not liable for rents after the destruction of the building by fire. This ordinance of the city of Louisville was enacted in the exercise of the city's police power, and as the property leased was within the limits wherein it prohibited the building of frame houses, it rendered it impossible for appellant to replace the frame

building as it existed before. It is claimed by appellee that appellant knew at the time he entered into the lease contract that this police power existed in the city and he should not, therefore, be excused on this account. The same could be said of appellee where it required of appellant the rebuilding of the house as it was before. It is evident that neither party, at the time they entered into the contract, thought of the city exercising this power and thereby render their contract a nullity, as they made no provision in the contract to be effective in case of the exercise of such power and the destruction of the building by fire. The contract, as made, could not be carried out without violating the ordinance, therefore, appellant was excused for not fulfilling his covenant. At the close of the judgment the court inserted:

"Control of the action is reserved for such further orders as may be necessary."

Appellee did not appeal from that judgment; but there was afterwards filed what is termed "an amended and supplemental petition" as it asserted, for the purpose of ascertaining its claim to the proceeds paid into court by the insurance company, and wherein it claimed that it was entitled to the insurance money under its contract of lease, and in which it copied the lease and stated that under it, it was entitled to a lien on the building to secure the payments of rents due and payable during the entire term of the lease and at the expiration of the lease it had the right to take the building and pay appellant the value of the material therein when piled upon the lot. It was also stated in the supplemental pleading that in the event the court decided that the lease was not in force, it had a lien on said insurance money and was entitled to hold same as security for the rent due under the lease, and in the event the court was of the opinion that the lease had terminated by reason of the fire.

"The plaintiff herein exercises its option of purchase given in said lease and says that it is entitled to receive the proceeds of the insurance on said building after crediting the defendant, Albers, with the value of the material in said building estimated at what it would be worth if taken down and piled upon the ground."

It was further alleged that,

"The lease is either in full force and effect or was terminated by the fire, that one of said facts is true but plaintiff is unable to state which is true without the ad-

vice of the court and the construction of the lease by the court.''

The court upon its own motion, struck out of the supplemental petition all that was said in regard to rents. Appellant objected to the filing of the amended pleading, and filed a demurrer to it after it was filed, but the demurrer was overruled, and he refused to file an answer.

The lower court's finding was to the effect that appellee was entitled to the value of the building and appellant was entitled to the value of the material in it piled on the ground, but as he failed to set up any claim for it, he was not given any credit, but he was allowed a credit using the following language:

''The only tangible credit which the court can allow is the remaining item, that is the right to the use of the building for the unexpired term, which since the building has been destroyed now means the use of the insurance money for the time. He, defendant, is entitled to 6 per centum for three years upon the net amount of insurance paid (2,210) that amount is $397.99. The remainder must go to plaintiff and it will be so ordered.''

Appellant appeals from this judgment and claims that he is entitled to a reversal for two reasons: First, because the court erred in allowing the supplemental pleading to be filed, and, afterwards, in overruling his demurrer to it. Second, appellee has no right now to elect to take the property which was not then in existence.

Our opinion is that the court should have refused to allow the amended or supplemental petition to be filed, as it had tried out the case once as presented by appellee. In its original petition it claimed that under its contract of rental it was entitled to the insurance money for certain reasons, and the parties formed an issue upon this claim, proof was heard and the court determined that it was entitled to a part of the insurance money but not to the whole of it; and while that judgment was in existence, to suffer appellee to file an amended and supplemental petition advancing the same grounds it had urged in its former petition and which had been decided, and also setting forth additional reasons found in the same contract, whereby it claimed to be entitled to the insurance money, would be to sustain a proceeding that would tend to lengthen litigation to where it would become burdensome to the parties, the court and the public. To follow the same course in this case, would allow appellee a dozen trials as to whether it was entitled to the

insurance money under the contract, as there are at least a dozen provisions in the rental contract which may have some bearing on the question. The policy of the law is that all issues growing out of the same contract should be determined at one time and in the same action. (Harding v. Harding, &c., 145 Ky., 315; 140 S. W., 533.) In Brown v. Vancleave, 86 Ky., 381, the court, after stating that the right of the parties had been litigated to final judgment, said:

"After the rendition of that judgment could the appellee, without first having that judgment set aside and the case reopened, have filed an amended petition, either setting up new plants or enlarging or perfecting old ones? We think not. * * * The pleadings thus having fulfilled their office, there is nothing demaining before the court to be amended, and any amendment thereafter filed over the objections of the adversary and the subsequent proceedings thereon including the judgment, are mere nullities."

Appellee claims it had a right to present and file this supplemental pleading as the court in its original judgment expressly reserved control of the case for any future orders. We do not understand this language to authorize the amendment. There was a part of the insurance money in court which would necessitate further orders in the case. There should have been an order made at that time directing its payment over to appellant. We do not understand that the court made this reservation upon the idea that it might change its mind and direct the whole of the money to be paid to appellee. That matter was settled by the first judgment. We are also of the opinion that if the additional provisions of the contract had been set up in the original petition, they would not have been entitled to any real merit. It will be noticed that by the amended or supplemental pleading it is contended that the lease continued to the end of the term provided in the contract and that appellant was bound for the rents although the fire had destroyed the building. But in the event that the court was of the opinion that the lease had been terminated by reason of the fire,

"The plaintiff hereby exercises its right of purchase given in said lease and says it is entitled to receive the proceeds of insurance on said building after crediting the defendant, Albers, with the value of the material in

said building estimated at what it would be worth if taken down and piled upon the ground.''

Here we find that appellee was attempting to exercise an option about three years before the expiration of the lease when the contract gave it this right of option at the expiration of the lease only, and when the property itself was not in existence and appellee knew it had been destroyed by fire. This pretended election was made after the first suit had been prosecuted to judgment, and in which two of its chief officers had testified that they had not determined to take the property up to the time of the fire and were of the opinion that they would not have taken the property and pay appellant the value of the material piled upon the lot. We have been unable to find any authority that would allow a landlord in such a state of case to claim the insurance money in lieu of the building which it is conceded belonged to appellant. The fire destroyed the property without the fault of either party. The building belonged to Albers and he had it insured for his benefit and for the benefit of appellee so far as its interest might appear, and it obtained all of the insurance proceeds it was entitled to in the first action. As stated, the contract provided that appellee might elect to take this building at the expiration of the term of the lease, which was three years after the fire. There is nothing in the contract authorizing it to make this election when the contract of lease ended by reason of the destruction of the building by fire and the ordinance referred to. These things were not thought of by the parties at the time they made the contract, consequently there was no provision made for such a state of case. This unfortunate state of affairs causes a loss and some one must suffer by reason of it. The building was Albers' and the insurance money belonged to him, except as stated, and we can find no provision in the contract or equitable reason to deprive him of it and give it to appellee.

The judgment is reversed and the case remanded, with directions to the court to enter an order turning this insurance money over to appellant.