## Bell Grocery Co. v. Booth et al.

(Decided June 20, 1933.)

J. B. SNYDER for appellant.

J. C. BAKER and J. O. BAKER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

At the May term, 1930, of the Harlan circuit court, a judgment on contested issues was entered, declaring the amount, $1,043.15, with interest, in favor of the Bell Grocery Company against the City Grocery Company, composed of Ross Booth and S. B. Burkhart. An attachment which had been levied on certain property was sustained, and the right of the Bell Grocery Company to enforce a lien thereunder to satisfy the $1,043.15, and interest and cost of the action, was declared. A conveyance of a certain lot by Ross Booth to Nannie Booth was adjudged fraudulent and set aside, and the right of the Bell Grocery Company to sell it to satisfy its debt, interest, and costs was also declared.

Burkhart, Vass, Ross Booth, Nannie Booth, and Lewis appealed from the judgment. It was affirmed by this court. See Booth v. Bell Grocery Co., 239 Ky. 521, 39 S. W. (2d) 984. Ross Booth executed before the circuit court clerk of Harlan county a supersedeas bond conditioned as provided by law, with Nannie Booth, J. C. Bailey, and W. Campbell as sureties; Burkhart executed a supersedeas bond, containing like provisions before the Harlan circuit clerk, with James L. Howard and J. Love Lawson as his sureties, for the purpose of superseding the judgment. A supersedeas on each bond was issued and served on the Bell Grocery Company, and thereby the judgment declaring the amount of the indebtedness and directing the property to be sold was

stayed. After the affirmance of the judgment, this action was instituted to recover on the supersedeas bond of Ross Booth and the sureties on his bond, and of Burkhart and his sureties the $1,043.15, interest, costs, and damages awarded by this court. In the petition it is alleged that the Bell Grocery Company recovered the judgment against defendants Ross Booth and S. B. Burkhart in the sum of $1,043.15, together with 6 per cent. interest thereon from the 1st day of November, 1928, until paid, and the cost of the action, amounting to $————. Copy of the aforesaid judgment is filed as a part of the petition. It is further alleged that no part of the debt, interest, and costs has been paid; that the lot on which the lien was adjudged in its favor had been sold to satisfy a prior and superior purchase money lien, and the attached property had been dissipated. So much of the copy of the judgment filed as an exhibit to the petition as relates to the subject-matter now in controversy reads:

> "The court considering the proof and pleadings on file is of the opinion and so adjudges, that the partnership, the City Grocery Company, composed of Ross Booth and S. B. Burkhart, is and was indebted to the plaintiff, Bell Grocery Company, at the time of the filing of the suit herein, in the sum of $1043.15, together with 6% interest from the 1st day of November 1928, and the costs of this action."

A demurrer was sustained to the petition. The Bell Grocery Company declined to plead further, and elected to stand by its petition. It was dismissed by the order of the court, from which this appeal is prosecuted.

The decisive question is whether the quoted language is a judgment within the meaning of this term. The appellees insist that the quoted language is insufficient to constitute, in law, a judgment, and that the supersedeas bonds and the issuance of the supersedeases thereon did not prevent the Bell Grocery Company from enforcing it as it is written. It is argued that the language of the judgment of the court does not direct a recovedy and is merely an opinion of the court.

Section 368, Civil Code of Practice defines the term "judgment" thus: "A judgment is the final determination of a right of a party in an action or proceeding." It was defined by this court in these words: "A judg-

ment of the court is the pronouncement of the judge on the issues submitted to him, the record being merely historical." Montgomery v. Viers, Judge, 130 Ky. 694, 114 S. W. 251.

"A judgment is a conclusion of law upon the facts found or admitted by the parties or upon their default in the course of the suit." Tidds Practice, 930; Truett v. Legg, 32 Md. 147; Siddall v. Jansen, 143 Ill. 537, 30 N. E. 357, 32 N. E. 384. "It is the decision or sentence of the law given by a court of justice or competent tribunal as the result of a proceeding instituted therein for the redress of an injury." 3 Blackstone's Commentaries, 395. "A final judgment is one which puts an end to the suit." "A judgment on the merits is one rendered after argument and investigation and when it is determined such party has a right, as distinct from a judgment rendered upon some formal or merely technical fault or by default and without trial." Bouvier's Law Dic. (3d Ed.) p. 1719. "A judgment quod recuperat is a judgment in favor of the plaintiff (that he do recover) rendered when he has prevailed upon an issue in fact or an issue in law other than one arising on a dilatory plea." Stephens, Pleading (Andr. Ed.) sec. 97; Brown v. Vancleave, 86 Ky. 381, 6 S. W. 25, 9 Ky. Law Rep. 593; Parsons v. Spencer, 83 Ky. 305. A judgment will be regarded as sufficiently formal if it identifies the parties, shows the relief granted, and that it is the act of the court. Montgomery v. Viers, supra. It is true that the judgment which was superseded was not one quod recuperat; nevertheless it is a judgment within the meaning of this term as it is defined by the authorities supra. The supersedeases suspended its efficacy. Hall v. Smith-McKenney Co., 162 Ky. 159, 172 S. W. 125. Their issuance and service upon the recovering plaintiff preserved the status of the parties as they existed at the time of their issuance. Thompson v. Thompson, 69 S. W. 714, 24 Ky. Law Rep. 645. And, after they were issued and served, no further steps could be taken under it. Weber v. Tanner, 64 S. W. 741, 23 Ky. Law Rep. 1107, Towsend v. Gorin, 144 Ky. 671, 139 S. W. 865. No motion for a judgment to recover could be entered; no execution issued; and no suit filed on it. Nor could it otherwise be enforced so long as they operated. Thereafter the remedy was confined to an action on the supersedeas bonds. Johnson v. Wiliams, 82 Ky. 45; U. S. F. & G. Co. v. Herzig (Ky.) 124 S. W.

279. The result of the execution of the supersedeas bonds which are the foundation of this action, and the issuance of the supersedeas thereunder was to suspend the judgment as to the Bell Grocery Company during the pendency of the appeal and until the affirmance of the judgment, though it did not in terms direct the recovery of the debt, interest, and costs. The amount of the judgment with interest and damages awarded by this court on its affirmance are recoverable by the Bell Grocery Company on the supersedeas bonds, notwithstanding it did not decree formally a recovery of Burkhart and Booth. The trial court erred in holding the contrary. Therefore the judgment is reversed for proceedings consistent with this opinion.