## McManama v. Johnson, Sheriff.

May 21, 1940.

George S. Wilson, Judge.

E. B. Anderson for appellant.

J. H. Thomas for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

George D. McManama is appealing from a judgment sustaining a demurrer to and dismissing his petition as amended and denying him the injunctive relief sought therein and further adjudging that appellee recover of him the sum of $474.46 with interest from March 4, 1936, and costs; that for specified sums making up the $474.46 appellee had a lien upon three tracts of land described in the judgment; that the lien be enforced and the land or sufficient amount thereof be sold to satisfy the judgment.

As appears from the petition as amended, what was known as the B. B. Stroud drainage district No. 7 was established a number of years ago. Appellant owned three tracts of land within this district and all lands therein were assessed for the purpose of raising funds for the ditch construction as provided in Section 2380-34, Kentucky Statutes. The assessments were divided into 10 equal installments, payable annually, and bonds were issued in anticipation of the collection thereof. Appellant's three tracts were assessed for $2,360.01, $2,028.73 and $1,699.84, respectively. The first installment was due April 17, 1926. Appellant did not pay the installments assessed against him for the years 1927 to 1933, inclusive, and such assessments together with assessments against various tracts owned by others were

certified for collection by the drainage commissioners to appellee for collection.

Thereafter appellee advertised the land of appellant and other delinquent owners for sale to satisfy the assessment. Thereupon appellant and other owners whose lands had been advertised filed suit to enjoin the sale of their lands on the theory that the collection of the assessment was barred by limitation and sale was stayed by temporary restraining order, however, the restraining order was set aside and injunctive relief refused.

Thereafter and prior to May 4, 1938, plaintiff satisfied all taxes and assessments against his three tracts of land and left nothing due against any of them on account of drainage assessments. On the latter date the sheriff again advertised a number of tracts of land in the district to satisfy the delinquent assessments and gave the amount assessed against each tract. Included in the list advertised were the three tracts belonging to appellant which were advertised to sell for ''commission for sheriff'' and ''to satisfy sheriff's commission'' in sums of $182.75, $148.65 and $143.06, respectively.

In the petition as amended it is among other things alleged in substance that appellee was attempting to sell appellant's land to satisfy commissions which appellee claimed to be due him in connection with his attempt to enforce the collection of the assessments by advertisement and sale before appellant paid same; that the sheriff's claim was based on the theory that he was entitled to the same fees or commissions that he would be entitled to under an execution in the same circumstances; that the sheriff was not entitled to any commission as against the taxpayer for levy, distraint or advertisement of the sale to satisfy the drainage assessment but that he was entitled only to commissions provided by statute to be paid out of the sums collected on the assessments.

Section 2380-34 of the Statutes provides in effect that if the assessments are due and in default, the board of drainage commissioners shall issue warrants directed to the sheriff or other collecting officer directing him to forthwith collect same, and also provides how the sheriff or collecting officer shall proceed with the collection. It further provides that for collecting assessments so certified to him the collecting officer or sheriff shall be paid

by the drainage commissioners the same fees allowed by law for collecting county and state taxes in the same manner.

Under Section 4168 of the Statutes, sheriffs or collectors for collecting state taxes are entitled to 10 per cent of the first $5,000 and 4 per cent of the residue and allowed the same compensation for collecting county taxes.

Section 4149, Kentucky Statutes, relating to distraint and sale of property for taxes, among other things provides ''A sheriff or tax collector shall sell for cash any property belonging to the delinquent taxpayer so levied upon or as much thereof as will pay the taxes due, penalties, interest and cost and his commission, in the same manner that property is sold under execution, * * *.''

Section 1726, Kentucky Statutes, relating to fees that may be charged by the sheriff provides among other things that for collecting money under execution if the debt be paid or the property sold or a delivery bond given and not complied with, the sheriff shall be entitled to 6 per cent of the first $300 and 3 per cent of the residue; that when he shall levy execution and same is replevied or the writ stayed by injunction, appeal or by other legal proceedings or by order of plaintiff, the officer shall be entitled to half of the above commissions to be charged to plaintiff and collected as costs in the case.

As appears from the petition as amended, appellee is claiming that under this section of the statute he is entitled to the commissions for which he is attempting to sell appellant's land. The only provisions for the payment of compensation to the sheriff for the collection of drainage assessments is that provided as indicated in Section 2380-34. While it is provided that he shall sell land to satisfy delinquent assessments in the same manner as provided in the case of county and state taxes and Section 4149, supra, provides that the sheriff shall sell property to satisfy delinquent state and county taxes in the same manner as property sold under execution, it is manifest that the latter section merely directs the manner in which levy and sale shall be made and does not provide that the sheriff shall receive the same compensation as he does for sales under execution. The

reference to the sheriff's commission in Section 4149 clearly does not contemplate commissions that would be due a sheriff for collection or sale under execution since the present statute and the one that was in force when Section 2380-34 was enacted makes no provision for commissions for the sheriff other than that which is to be paid out of the taxes collected.

In 1906 the Legiclature enacted a comprehensive act relating to revenue and taxation which is embodied in chapter 22 of the acts of that year. It (Section 21, article 8) among other things provided that within 15 days after any taxpayer became delinquent, the sheriff or collector should certify to the county clerk a list of all delinquents, the property assessed, the amount of tax penalties and interest due thereon; and by the following sections it was provided that the county clerk should issue a tax warrant against each delinquent taxpayer which should be placed in the hands of the sheriff for collection. Section 24 of article 8 of the act provided that the sheriff should be allowed in addition to the commissions allowed him for collecting taxes the same fees allowed by law to sheriffs for collecting executions. Section 26 of article 8 of the same act first set out the procedure to be followed by the sheriff upon receipt of the tax warrants from the clerk and then set out the quoted portion and all the remainder of Section 4149 of the Statutes.

In 1908, chapter 43, the Legislature repealed Sections 21, 22, 23, 24 and 25 of article 8 of chapter 22 of the Acts of 1906, and amended and reenacted Section 26 thereof and that section as amended and reenacted is now Section 4149 of the statute. So it will be seen that the reference to commission in Section 26 of the act of 1906 which was amended by the act of 1908 was the additional commission allowed the sheriff by Section 24 of article 8 of the act of 1906 which was repealed by the act of 1908 without making any provisions for additional commission to be paid the sheriff for collecting taxes by levy, distraint or otherwise.

We therefore unhesitatingly conclude that the sheriff is not entitled to any commissions in addition to those provided in Section 4168, supra, on lands advertised or sold for taxes but is entitled to fees provided for services in connection with the advertisement, sale and con-

veyance of property for taxes. It follows therefore that he would not be entitled to any additional commissions for advertising or selling land for drainage assessments. This conclusion renders it unnecessary to consider or discuss any other grounds alleged in the petition as amended or argued in brief by appellant.

Wherefore the judgment is reversed with directions to overrule the demurrer to the petition as amended and for proceeding in conformity with this opinion.