## Board of Drainage Com'rs of McLean County v. Igleheart.

Nov. 13, 1945.

Claude E. Smith and J. H. Thomas for appellant.

T. J. Sparks for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

This is an action to enforce a drainage tax lien.

In May of 1922, in a proper proceeding then pending therein, a judgment was entered in the McLean County Court establishing a drainage district in McLean and Muhlenberg counties pursuant to the provisions of what is known as the 1912 Drainage Act—formerly carried in Carroll's Kentucky Statutes as sections 2380-1 et seq. now KRS 267.010 to 267.990. An assessment roll was filed in the proceeding on December 20, 1923, and approved, confirmed and certified on January 11 and February 9, 1924, respectively, in conformity with the provisions and requirements of the Act. The then owner of appellee's land and the other land owners in the drainage district not having paid their assessments, bonds of the district were issued and sold to the extent of $212,287.12, divided into ten equal series, which were to be due and payable, respectively, on the 12th of February of each year commencing with 1926 and ending with 1935.

The appellee's tract of land was assessed at $2070, divided into ten equal annual installments, which were to be due and payable, respectively, on the 12th of October of each year, commencing with the year 1925.

Neither the defendant nor his predecessors in title having paid either installment, or any part thereof, or any interest thereon, the present action, which is in equity, was instituted by the Board of Drainage Commissioners of McLean County on August 12, 1944. Its petition, which fully pleads all matters essential to a recovery of the relief sought, closes with a prayer that it be adjudged a lien against the defendant's land, and that same be sold, to satisfy the assessments mentioned, etc.

The defendant limited his answer to a plea of the 5-year statute of limitations; to which the plaintiff filed a general demurrer and a reply, the allegations of which, insofar as germane to the question before us, are these:

"* * * said assessments for the construction of the Sam Ferguson Drainage District of McLean and Muhlenberg Counties are judgments of the McLean County Court and plaintiff's cause of action thereon is not barred by the statute of limitations until fifteen years after its cause of action accrued; that this action was commenced on August 12, 1944, and fifteen years had not intervened as to either of said sums or amounts fol-

lowing accrual of plaintiff's cause of action and the commencement of this action &ast; &ast; &ast;''

The subsequent steps taken in the action are fully indicated in the judgment appealed from. So far as pertinent to our inquiry, it reads:

''This cause being submitted on plaintiff's demurrer to so much of defendant's answer as pleads the 5-year statute of limitations, and the court being advised, it is ordered and adjudged that said demurrer be overruled, to which the plaintiff excepts. &ast; &ast; &ast; The cause then being submitted on said demurrer to the reply and the court being advised sustained said demurrer, to which the plaintiff excepts. Whereupon, the plaintiff declining to plead further, it is ordered and adjudged that plaintiff's petition be dismissed, etc. &ast; &ast; &ast;''

From what has been said it will be seen that the only question presented is whether the 5-year or the 15-year statute of limitations applies. The answer to the question lies in the answer to another question: Is the asserted lien a liability created by statute, or is it one created by a judgment? If the former, the ruling of the chancellor should be affirmed; if the latter, it should be reversed.

To sustain its contention that the liability was created by a judgment, and not by the statute, the appellant relies upon subsections 4, 5, 6, 19 and 31 of section 2380 of the 1930 edition of Carroll's Kentucky Statutes; the memorandum opinion which was rendered in connection with an order dissolving a temporary injunction in the cases of McManama v. Johnson, 283 Ky. 156, 140. S. W. 2d 1022; Bell Grocery Co. v. Booth, 250 Ky. 21, 61 S. W. 2d 879, 880; and section 368 of the Civil Code of Practice.

With the exception of subsection 31, the appellant's cited statutory provisions do not affect, and do not purport to affect, the question in issue.

Subsection 4 simply provides for the filing of exceptions and prescribes the procedure which shall be followed in the county court. Subsection 5 does no more than provide when and how an appeal may be taken from a preliminary judgment of the county court. Subsection 6 provides for exceptions and for a judgment of the county court establishing a drainage district. Subsection 19 makes provision for the filing of a cross-petition and

prescribes the procedure which shall be followed after such cross-petition has been filed. Section 368 of the Civil Code of Practice does no more than declare that a judgment is a final determination of a right of a party to an action or proceeding.

The cited case of Bell Grocery Co. v. Booth is equally beside the point. There it was contended that the following language constituted merely an opinion of the court, and not a judgment:

" 'The court considering the proof and pleadings on file is of the opinion and so adjudges, that the partnership, the City Grocery Company, composed of Ross Booth and S. B. Burkhart, is and was indebted to the plaintiff, Bell Grocery Company, at the time of the filing of the suit herein, in the sum of $1043.15, together with 6% interest from the 1st day of November 1928, and the costs of this action.' "

In a well considered opinion by Judge Richardson we rejected the contention and held that the language quoted was sufficient to constitute a final and valid judgment, notwithstanding it did not formally decree a recovery.

There is not even a suggestion of relationship in fact or in principle between that case and the instant one. In fact—aside from the memorandum opinion in McManama v. Johnson, supra—not only have we not been cited to any provision of the Drainage Act, or to any adjudicated case, or to any text, which even remotely sustains or supports the thesis that the asserted lien is a liability created by a judgment, we have read and considered the entire Act and have been unable to find any section or provision which fairly or reasonably admits of the construction contended for by the appellant.

On the contrary, we find that the Act does not invest, and does not purport to invest, the county court with jurisdiction to impose a liability upon the land within the drainage district, nor with power to adjudge a lien thereon. Those are matters purely in rem, not personal, and are entirely statutory. Or, to put it another way, both the liability and the lien attach solely and exclusively in virtue of the statute, and the jurisdiction of the county court is restricted to procedural matters incident to establishing the drainage district, and to ascertaining and adjudging the amount of the statutory liability,

respectively, of the several tracts of land constituting the district.

The record does not contain a copy of the judgment which was entered in the county court, and therefore, we do not know whether it undertakes to adjudge a lien against the appellee's land; but if it does, it is, to that extent, beyond the court's jurisdiction.

In the light of the views expressed above, and on the authority of subsections 31, 34 and 42 of 2380, which expressly provide that the amount assessed against any given tract of land within the district shall constitute a lien upon such land; and of subsection 45, which provides that the liens established and declared in the preceding sections may be enforced by an action in the circuit court, we are constrained to hold that the liability sued on is a statutory one and that the chancellor was correct in holding that the 5-year statute of limitations applies—notwithstanding what was said in the memorandum opinion supra.

Judgment affirmed.