**James J. CRISONA et al., Appellants,**

**v.**

**Arthur B. KOONTZ et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 2, 1956.

Rehearing Denied March 29, 1957.

Robert T. Caldwell, J. G. M. Robinson, Ashland, for appellants.

Simeon S. Willis, Ashland, for appellees.

CULLEN, Commissioner.

In an action in the Letcher Circuit Court, styled Bank of Millcreek v. Elkhorn Coal Corporation et al., the affairs of the Elkhorn Coal Corporation in Kentucky were being administered under a receivership, ancillary to a principal receivership in West Virginia, the home state of the corporation. On November 5, 1953, an order was entered in the action in the Letcher Circuit Court, discharging the ancillary receivers, returning the properties of the corporation to the control of the directors, and striking the case from the docket. Previously, a group of stockholders had endeavored to intervene in the action for the purpose of attacking an allowance of fees to the attorneys for the ancillary receivers. In July 1955, these stockholders moved to redocket the case for the purpose of trying the issues raised by an amended intervening petition which they had filed in November 1951. The court overruled the motion, and the present appeal by the stockholders is from that order. The appellees are the attorneys whose fees were being attacked.

A proper understanding of the issues requires a chronological statement of various

procedural steps and developments in the receivership action.

On July 15, 1950, an order was entered allowing the attorneys for the ancillary receivers fees in the sum of $300,000. Notice of the application for allowance of fees had been served on the president and directors of the corporation, and published in weekly newspapers in Letcher County.

On October 20, 1950, a group of stockholders filed an intervening petition, seeking to have the order allowing the fees set aside. On March 5, 1951, an amended and supplemental intervening petition was filed.

In October 1951 the attorneys for the ancillary receivers moved for judgment on the pleadings, and on October 24, 1951, the court entered judgment on the pleadings. This judgment held that the order of July 15, 1950, was a final order not subject to control of the court after the end of the July term of court; that the intervening petition did not state a cause for relief under (old) section 518 of the Civil Code of Practice; and that the intervening petitioners were not entitled to question or relitigate any matters adjudicated prior to their intervention.

On November 5, 1951, the intervening stockholders moved to set aside the judgment of October 24, 1951, and tendered an amended intervening petition. The court entered an order on November 5, 1951, permitting the amended petition to be filed, but did not then rule on the motion to set aside the judgment of October 24, 1951.

On January 1, 1952, the court entered an order overruling the motion of November 5, 1951, which had sought to set aside the judgment of October 24, 1951.

On November 5, 1953, the order referred to at the beginning of this opinion was entered, terminating the receivership and striking the case from the docket. However, this order contained a recitation to the effect that it was without prejudice to

any rights of the intervening stockholders to set aside the original order allowing fees to the attorneys for the ancillary receivers, and to redocket the case for litigation of that question.

In December 1954 the stockholders attempted to appeal from the order of January 1, 1952, which had overruled the motion to set aside the judgment of October 24, 1951. This Court dismissed the appeal, on the ground that the order was not appealable, and it was too late to appeal from the judgment which the order had refused to set aside.

In July 1955 the stockholders moved to redocket the receivership action, for the purpose of litigating the issues raised by the amended intervening petition of November 5, 1951. As previously stated, the present appeal is from the order overruling that motion.

As we view the case, the controlling question is simply whether the circuit court had power to permit the filing of the amended intervening petition on November 5, 1951. If not, the filing of the petition was a nullity and the petitioners have no standing in court upon which to base their motion to redocket the case.

We think it is clear that the circuit court did not have power to permit the filing of the amended intervening petition. Judgment had been entered on October 24, 1951, determining against the petitioners the issues raised by their original intervening petition. At the time the amended petition was tendered and order filed, that judgment had not been set aside, and it never was set aside. Until the judgment was set aside, the court had no power to permit the filing of an amended petition. Brown v. Vancleave, 86 Ky. 381, 6 S.W. 25; Meadows v. Goff, 90 Ky. 540, 14 S.W. 535; James v. Hillerich & Bradsby Company, Ky., 299 S.W.2d 92, decided September 28, 1956.

The judgment is affirmed.