## WATSON ET AL. *v.* AVERY ET AL.

**Mandate of Appellate Court—Duty of Judge of Lower Court to Obey.**

    It is not discretionary with a Judge of the lower Court to enter the mandate of the Court of Appeals. When such a mandate, accompanied with a motion for judgment, is presented, same must be entered, and final judgment given.

**Supplemental Pleadings—Mandate of Appellate Court—Relief from on Grounds Not Litigated—Judgment.**

    After the mandate of the Appellate Court shall have been entered and final judgment rendered by the trial judge in the Court below, said judgment may be stayed by supplementary pleadings if the grounds for relief show in the allegations, matters not litigated. But the Court cannot allow such proceedings to be begun before the mandate shall be entered or accept such pleadings in lieu thereof.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHY. DIV.

June 26, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

On motion.

The only question, it seems to me, which can arise upon this proceeding is, do the reasons set forth in the response of the chancellor, justify him, in refusing to enter a final judgment in the case named, carrying out the mandate of this Court?

It was his duty, when the opinion, and mandate of this Court were presented, in the Louisville Chancery Court, accompanied with a motion for a judgment, to enter them, to proceed, in a reasonable time, to enter a final judgment to carry out the orders, and mandate of this Court.

And then if appellees should by sufficient allegations, in an original, or supplementary pleading, show themselves entitled to relief, for reasons, and upon grounds not litigated, and concluded in the proceedings and adjudications in the previous case, it would be proper for the chancellor to make such preliminary orders, and grant such relief as they might show themselves entitled to.

In addition to the implied constitutional power, the Legislature

has, by an express enactment, conferred full power on this court to compel an enforcement of its mandates by inferior courts, and if it fails in this duty, the right of appeal is valueless, and the court a useless expense to the State. Section 902 Civ. C.

My opinion therefore, is, that an order be made requiring the chancellor to enter the opinion, and mandate in this case, and that the same be carried out according to their , true intent, and meaning.

(See original opinion 2. Bush.

*Bullitt, Caldwell,* for appellant.

*Harlan,* for appellee.