# Monarch v. Brey.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. RECORDS—VERITY OF.—A motion to set aside a judgment because it was rendered on October 1st, because no court was then in session, will be overruled, the record showing that the judgment was entered on the first day of the October term.
2. PRACTICE—DISREGARDING RULES.—A rule of court that no business shall be transacted "either at common law or in equity" at the December term, may be modified by the court and an order in a civil case at that term is not error.
3. SAME—ENTRY OF JUDGMENT *nunc pro tunc.*—A record may be amended to include a judgment by default on an entry in the minute book as follows:

    "Brey
    "12,435    vs.    Judgt.
    Thomas."

4. SAME—NOTICE—MISPRISION.—Notice is not necessary for the entry of a judgment *nunc pro tunc.* Failure to enter the judgment originally is not a misprision under section 519 of the Civil Code for which notice is necessary.

WALKER & SLACK FOR THE APPELLANT.

1. At the December term the court had no jurisdiction to enter an order in a civil case, it being a criminal term only.
2. The court had no right to make a *nunc pro tunc* order and hear evidence of such order without notice to the party to be affected by it.
3. The court had no right to enter an order as of the date October 1st when no court was in session.

4. The evidence was insufficient to authorize the entry of a judgment *nunc pro tunc.* Paducah Land Co. v. Cochran, 37 S. W. R., 67; 18 Ky. Law Rep., 465; Conn. v. Doyle, 2 Bibb., 248; Boyd County v. Ross, 95 Ky., 171; Ency. of Pld. & Pr., vol. 5, 951.

LITTLE & LITTLE FOR THE APPELLEE.

1. There are other clerical misprisions than those defined by section 517 of the Civil Code.
2. A clerical misprision is where a court has rendered judgment or made an order in a case, and the clerk in attempting to enter has not completed it or has omitted some part or has substituted a wholly different order or judgment from that made or rendered.
3. The correction of a clerical misprision is to set aside or modify something that has not been done correctly or add to an incomplete order or judgment.
4. Failure to enter a judgment is not a clerical misprision.
5. Notice is necessary before correcting a clerical misprision, but not before entering judgment rendered by the court, which the clerk had omitted to enter.
6. If there was a clerical misprision in this case, it consisted in rendering judgment prematurely which could not be corrected in this proceeding.
7. If the judgment was voidable as a clerical misprision, yet after having replevied it, appellant extinguished it and nothing remained to be vacated.
8. Appellant was not prejudiced by any alleged errors of which he complains, especially as the circuit court would have re-entered the judgment *nunc pro tunc* if it had been held void.
   Citations: Civil Code, secs. 517-19; Gray v. Merrill, 11 Bush, 634; Graham v. Lynn, 4 B. M., 18.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Suit was brought in the circuit court by appellee against Thomas, Simmons, and appellant Monarch upon a promissory note, and process executed in time for a judgment at the October term, at which time the court directed judgment to be entered by default; but, the papers having been mislaid, the judgment was not entered. Subsequently, at the December term, a judgment was entered reciting that the defendants had been summoned to the October term, that judgment had been rendered against them, but not

[44]

entered because the papers were mislaid, and that "this judgment is entered as of the first day of the October term, 1896, and execution may issue forthwith." Execution accordingly issued, and was replevied by Thomas and Monarch, with S. Monarch as surety. At the June term, 1897, appellee gave notice of a motion to enter a judgment *nunc pro tunc* as of the first day of the October term, and the defendants gave notice and moved to set aside as void the judgment which had been entered, appellee's motion being obviously intended to secure a judgment in the event the former judgment should be set aside as void. Both motions were overruled, and this appeal is prosecuted both from the judgment entered at the December term and the order overruling the motion to set aside.

Appellant contends that the judgment was void for several reasons:

First. Because it was rendered as of October 1st, at which time no court was in session. The record before us shows it to have been rendered as of the first day of the October term, and the question must be decided by that record.

Second. Because, by rule of the Daviess Circuit Court, it was provided that certain terms of the court, including the December term, should be known as the criminal terms, "and no civil business, either common law or equity, will be prosecuted at said terms, unless in case of actual emergency," etc. In the case of Paducah Land Coal & Iron Co. v. Cochran, Assignee, &c., 18 Ky. Law Rep., 465 [37 S. W., 67], it was held, with reference to this rule, that the judge could undoubtedly have set aside or suspended it, and that an order made in a civil suit at such criminal term was not error.

Third. That there was not sufficient evidence upon which

to enter the judgment *nunc pro tunc.* The clerk's minutes showed an entry as follows:

> "Brey
>
> 12,435 vs. Judgt.
>
> Thomas."

—This entry gives the style of the case, the case number, and an abbreviation for "judgment," is quite as full as such entries upon the minutes usually are, and we think sufficient upon which to base the entry of the judgment *nunc pro tunc.*

Fourth. It is further urged that the court had no right to make the *nunc pro tunc* order, and hear evidence authorizing it, without notice having first been given. The court might, having the jurisdiction both of defendants and the subject matter, have entered the judgment on the first day of the October term. And so it might have entered the judgment at the December term, in spite of the rule setting that term apart for criminal business, though such a judgment would doubtless have been set aside upon the defendant's showing that, through surprise or for other reasons, it had operated to his prejudice. It might also have ordered immediate execution. This being so, it is difficult to see wherein appellant was prejudiced by the order entering the judgment as of the October term, especially as it is not pretended that he had any defense to the merits, and the fact of its rendition is shown by an entry in a record recognized by the statute (Ky. St., sec. 378), as part of the records of the court. The rule of court relied on was adopted by the court for the guidance of the clerk and as notice to litigants and counsel of what the court intended to do. If the court had power to make it, it had power to rescind it, and by entering the order did rescind it, if such entry was in violation of the terms of the

rule, or must be supposed to have acted on an emergency within the terms of the rule.

It is claimed that this was the correction of a clerical misprision, and under section 519 of the Code, must be done upon notice to the adverse party. Section 517 of the Code provides that certain enumerated things shall be deemed clerical misprisions, and there are others. It is conceded that the omission of a part of a judgment in entering it—the failure to allow interest or credits admitted, the allowance of too much interest, etc.—comes under this head; but we do not think the failure to enter a judgment directed by the court comes under this head, or requires notice to be given of a motion for its entry.

Wherefore, the judgment is affirmed.