## Hollowell v. Satterfield.

(Decided February 7, 1922.)

### Appeal from Caldwell Circuit Court.

1. Partnership—Actions Between Partners—Estoppel.—Where a partner by suit against his co-partner recovered judgment determining his right to an interest as equal partner in a mineral lease attempted to be held by the co-partner in his individual name, and declaring him entitled to share equally in whatever profits may have been realized by the co-partner in operating the lease; and such judgment, upon appeal taken by the co-partner, was affirmed by the Court of Appeals, the latter, upon the return of the case to the circuit court, is estopped to raise, for the first time, the question that the circuit court could not ascertain or adjudge to the plaintiff his share of the profits realized by his (the defendant's) individual operation of the lease, and that to obtain such an accounting the plaintiff must bring an independent action for a dissolution of the partnership and settlement of the partnership accounts.

2. Appeal and Error—Finding of Chancellor.—Evidence examined and held sufficient to support the judgment of the chancellor.

S. D. HODGE for appellant.

JOHN C. GATES for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In the year 1901 the appellant, John W. Hollowell, the appellee, F. T. Satterfield, and C. C. Larkin obtained, for an agreed consideration, of one R. M. Tyree a written lease, for a term of ninety-nine years, to the mineral rights in a farm in Caldwell county containing valuable deposits of the mineral known as "fluorspar." In 1911 Larkin left the state and abandoned his interest in the

lease. Thereupon Tyree executed a new lease to the mineral rights in the farm to Hollowell and Satterfield as equal partners, which continued in effect until the end of the year 1916. Hollowell, claiming that the lease then expired or was forfeited by reason of the nonpayment of the rent due thereon from Satterfield and himself to Tyree, although he had been entrusted with its payment and had promised to pay it, procured of Tyree another lease to the mineral rights in the same land, which, for the evident purpose of ousting Satterfield of his interest under the previous lease, he caused to be executed to himself as sole lessee. He immediately began to develop the property under this lease, but ten days later, or about February 15, 1917, subleased the same mineral rights to J. R. Frazier, who at once commenced the mining of fluorspar upon the leased premises. In the month of May, 1917, Satterfield, learning of Hollowell's having obtained the new lease from Tyree in his own name and that he himself, or through Frazier, was developing the leased property, brought this action in the court below against Hollowell and Frazier, alleging that he and Hollowell, under the lease to them from Tyree, were partners in and joint owners of the mineral rights in the Tyree farm; that Hollowell was guilty of bad faith in permitting their lease from Tyree to be forfeited, and also in procuring the execution of the new lease from Tyree to himself, and that in doing so he committed a fraud upon him (Satterfield). By the prayer of the petition the court was asked to adjudge him (Satterfield) a half owner of the new lease from Tyree to Hollowell; and that the latter be made to account to him for one-half of such profits as he had received upon the leased property, from his own operation of same, or through that of Frazier, whether by way of rents, royalties, or otherwise.

After the filing of such pleadings as were necessary to complete the issues between the parties, and the taking of proof, the circuit court rendered the following judgment:

"The court, therefore, adjudges that the plaintiff, F. T. Satterfield, is entitled to equal ownership with the defendant, John W. Hollowell, of the lease from R. M. Tyree and wife to John W. Hollowell, of date January 30, 1917, and that said John W. Hollowell be and he is hereby ordered and directed to convey to the said F. T. Satterfield a one-half interest therein; and that the defendant,

J. R. Frazier, be and he is hereby ordered and directed to pay to said F. T. Satterfield one-half of all the royalties, profits and benefits derived from his operation of the mineral property mentioned and described in said lease from John W. Hollowell to said J. R. Frazier, of date February 16, 1917.

"The court further adjudges that said partnership between F. T. Satterfield and John W. Hollowell, never having been dissolved, the plaintiff is and was the owner equally with the defendant, John W. Hollowell, of all spar on the ground, taken from said property prior to January 15, 1917, and an equal interest in the proceeds of all spar produced or sold since that date."

An appeal was prosecuted by Hollowell from the judgment, which resulted in its affirmance by this court, the opinion being reported in 185 Ky. 397. It appears from the record that at the time of the affirmance of the judgment all operations under the lease to Frazier had ceased and the deposits of fluorspar on the land covered by the lease had been exhausted. Upon the return of the case to the court below, following the filing therein of the mandate of this court, the cause, on Satterfield's motion and without objection by Hollowell, was referred to the master commissioner to take proof and report the amount received by Hollowell from sales of fluorspar from the leased premises, the amount of royalties or other revenues received by him through Frazier from the operation of the fluorspar mine on such premises, together with all expenses actually paid by him in conducting the mining business thereon. At the succeeding term of the court the master commissioner filed his report, which seemed to be wholly based on an *ex parte* statement made by Hollowell. Satterfield filed exceptions to the report, which the court sustained without objection from Hollowell. The court then referred the cause to a special commissioner under the same instructions previously given the master commissioner, but the special commissioner having failed to file a report at the succeeding term, the court, on its motion, set aside the order referring the case to him and ordered the parties to take proof by the succeeding term preparatory to a trial by the court of the matters of account between them. The course thus outlined by the court was pursued, resulting in a judgment by which it was determined that after allowing Hollowell all credits to which he was entitled for expenses incurred and paid by him in mining fluorspar on the land covered

by the lease, he was chargeable with the sum of $1,802.00, to one-half of which, $901.00, Satterfield was entitled, and for this amount he was awarded a recovery against Hollowell together with his costs expended in the action.

The latter complains of the judgment and has again appealed.

We have considered, but deem it unnecessary to discuss, the numerous motions made by the appellant in the case after its return to the court below, as they seem to possess little merit and were apparently made for the purpose of delaying a trial of the case. We have also considered the adjustment made by the judgment of the rights of the parties and find no material error in same. The court had little difficulty in determining from the evidence the various. amounts received by appellant from sales of fluorspar mined under the lease, or in arriving at the amounts received by him in royalties from Frazier, to one-half of all of which, less the necessary and reasonable expense incurred by appellant in such operations as were personally conducted by him under the lease, appellee was entitled. The chief difficulty encountered by the court was in estimating these expenses, but we are not prepared to say that this was not properly done. Indeed, after a careful consideration of the evidence as a whole, we are unable to say that it fails in any essential particular to fairly support the chancellor's findings of fact as embodied in the judgment appealed from.

The ground chiefly urged by the appellant for a reversal of the judgment is that the recovery awarded the appellee should not have been adjudged because it involved the settlement of a partnership undissolved, and that appellee to obtain such a settlement should have brought an independent action for that purpose. This question was not raised by appellant until a return of the case to the circuit court following the affirmance of the first judgment by this court, which judgment determined the right of appellee to recover what was allowed him by the judgment now appealed from, but left it to the court below to fix the amount of the recovery which the last judgment allows. In Bower, etc. v. Collinsworth, 187 Ky. 1, we held that where a partner sued his copartners to recover balances alleged to be due in certain partnership transactions, and the defendants did not raise the question below that the action could not be maintained, without asking a settlement of the partnership

accounts, but joined issue and treated the case as properly brought and properly tried, an objection made in the court of appeals will not be considered. This is also true where the judgment in such case is affirmed by the Court of Appeals and remanded with directions, as then the appellant will also be estopped to make such objection.

The only additional claim asserted by the appellee after the return of the case to the court below was as to his half of the value of certain "dump" from which appellant without appellee's knowledge had extracted fluorspar, which claim was presented by an amended petition. Manifestly the recovery of this item was permissible, for it was as germane to the main relief sought in the action as were the other items sued for as incidental to appellee's right to an. equal share in the leased property, and its recovery under the first judgment contemplated by its affirmance. In Langham, etc. v. City of Louisville, 189 Ky. 232, in passing on this question we held:

"Errors relied on but not noticed in the opinion are concluded by the opinion, and this rule applies to all cases where the opinion does not expressly state that a particular point is not passed upon."

Judgment affirmed.