### Stewart v. Stovall.

(Decided March 7, 1924.)

## Appeal from Carter Circuit Court.

1. Partnership—Partner's Liability to Copartner for Income and Profits, Where he Repudiated Agreement.—Where plaintiff and defendant had agreed to become owners equally and jointly of a farm, and defendant repudiated the partnership arrangement and took the title to himself alone, thereby committing a fraud from which a trust resulted, defendant, holding the property as a trustee for the partnership, must account to plaintiff for the income and profits realized by him in the administration of the property.

2. Appeal and Error—Filing of Amended Pleading After Affirmance Held Proper.—Where plaintiff brought equitable action seeking to have it adjudged that he was the owner of a one-half undivided interest in land and he recovered judgment on the theory that a partnership existed and that defendant was holding the land in trust, and such judgment was affirmed, the court, which had retained the case on the docket for future orders and proceedings, properly permitted plaintiff to file an amended and supplemental petition praying for an accounting as to income and profits, in view of Civil Code of Practice, section 134.

3. Pleading—Amendments May be Allowed at any Time.—Under Civil Code Practice, section 134, the court may at any time, in fur-

therance of justice, permit a pleading to be amended which contains allegations material to the case.

4. Reference—Objection to Void Order Referring Cause Held Waived. —Though an order referring a cause to the master was void because entered during vacation, the question of jurisdiction was waived where it was subsequently agreed that the objecting party be given additional time in which to take evidence, and it was expressly agreed that after the taking of such evidence the papers were to be submitted to the judge of the court, and he was to pass upon the exceptions and enter judgment, especially where the objecting party appeared in court after the entry of the void order and said he desired the whole controversy settled and in substance and effect agreed that the master might proceed.

5. Partnership—Liability of Partner Excluding Copartner from Lands Not Limited to Rental Value.—Where plaintiff and defendant entered into an agreement to become owners equally and jointly of a certain farm, and defendant in violation of his agreement bought the farm and took the whole title, he was a trustee in possession of partnership property, and his liability was not limited to the reasonable rental value of one-half of the land in the condition it was at the time defendant took possession.

THEOBOLD & THEOBOLD for appellant.

DYSARD & MILLER, J. B. ADAMSON and G. W. E. WOFFORD for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In January, 1918, appellant and appellee entered into an agreement by which they were to become the owners equally and jointly of a certain farm in Carter county, which they knew was for sale.

Shortly thereafter appellant in violation of this agreement, bought the farm and had the whole title thereto taken to himself. Appellee then filed his equitable action seeking to have it adjudged that he was the owner of one-half undivided interest therein, and offering to pay his part of the consideration. At that time no rents or income had accrued from the farm.

The defendant therein denied the existence of any such agreement, and also relied upon the fact that it was not in writing. After preparation, however, the chancellor below adjudged the plaintiff to be the owner of an undivided one-half interest in the land, and from that judgment an appeal was prosecuted to this court

where the judgment was affirmed. Stewart v. Stovall, 191 Ky. 508.

In his petition the plaintiff prayed for a judgment that the land was held in trust by defendant for the benefit of the partnership and for a division of the property, or a sale of same, and a division of the proceeds. There was then no question as to rents, profits or proceeds realized by either party from the property, but during the pendency of the litigation in the circuit court, and in this court, appellant remained in possession of and used and cultivated the place during the years 1918, 1919, 1920 and 1921.

The judgment on the former appeal only dealt with and settled the controversy between the parties as to their joint ownership of the farm, and did not pretend or undertake to pass upon their rights in any way as to the proceeds or income from the farm pending the litigation, and the cause was continued "for the further orders of this court."

The mandate of this court was filed below on the 2nd day of June, 1921, and thereafter on July 18, 1921, the plaintiff filed an amended and supplemental petition praying for a settlement of the accounts of the firm, and and on the same day on his motion the cause was referred to the master commissioner to hear evidence and settle accounts. However, on the 16th day of August, 1921, upon motion of defendant the order referring the case to the master was set aside, and at the same time defendant entered a motion to strike from the files the amended and supplemental petition which latter motion was never acted upon. Then on August 17th, the very next day, the plaintiff filed another amended petition and on his motion the cause was again referred to the master commissioner.

On November 7th defendant filed what is called a supplemental answer wherein he alleges in substance that after the affirmance by this court the defendant in obedience to the judgment of court had conveyed by general warranty deed to plaintiff the one-half interest in the land in controversy, and that the judgment having been in all respects fully complied with, and nothing further remaining for the defendant to do in the premises, all matters of controversy between the parties thereby became *res judicata*. Thereafter the plaintiff filed a reply to such pleading denying its allegations and

asserting in substance that the court had settled but one branch of the case, and had not undertaken to settle any other.

The orders made as of the 17th of August, 1921, filing the second amended petition, and again referring the cause to the master, were really entered in vacation on or about November 23rd, 1921, by the clerk of the court upon the written direction of the judge. However, the master acting under that order proceeded to take evidence, including that of the defendant, and filed his report as of December 23rd, 1921, wherein he found defendant indebted to the plaintiff in the sum of something over $3,000.00. The plaintiff filed many exceptions to the commissioner's report and the court entered a judgment as of the 23rd of December, 1921, for nearly $3,000.00 against the defendant.

Thereafter it appears that in some way, by agreement or otherwise, the judgment so entered was disregarded by the parties, and on May 1st, 1922, the defendant filed certain exceptions to the commissioner's report, in which he denied the authority of the commissioner to hold any sittings in the case, and claimed there was no order of reference because the same was not entered during the term of court. But thereafter, and on August 9th, 1922, the following agreed order was entered:

> "In order to expedite the matter at issue herein which is desired by all the parties, and on account of the defendant having received an injury which prevented him from taking certain evidence he desired to take, it is now agreed by and between the parties hereunto that defendant may have thirty days in which to take his depositions herein, and that the plaintiff shall have ten days thereafter in which to present any evidence by way of depositions, and then the papers are to be submitted to the judge of this court to pass upon the exceptions to the report of the master commissioner herein, and for judgment on same, and for any orders as may be deemed proper in the case, said judgment and orders to be made as of the 1st day of this term of Carter circuit court and to have same effect on all parties hereunto as if made in open court on said date."

After the entry of this order the parties again took extensive evidence including that of the defendant and

several others introduced by him, and thereafter the plaintiff filed additional exceptions to the commissioner's report, and on December 19, 1922, the court entered a judgment, after sustaining several of the defendant's exceptions, for $2,874.95 against the defendant, and from that judgment he appeals.

Three reasons are urged for reversing:

1. That the rights of the parties had been fully determined in the former judgment which was affirmed by this court and that after the issues had been made therein and a final judgment entered any supplemental pleading was unauthorized.

2. That the filing of the second amended petition after the mandate was filed, and the entry of the order at the same time referring the cause to the master, were void because not entered during the term.

3. That the measure of recovery is the reasonable rental value of appellee's interest in the land at the time appellant took possession thereof, and that there can be no recovery by appellee for income or profits made by the application of appellant's labor, skill and capital.

1. It was in substance held by the court in the former opinion that appellant by repudiating the partnership arrangement and taking the title to the property to himself alone had committed a fraud against his partner, with whom he stood in a confidential relation, and that there resulted from such fraud a trust. It would appear to be conclusive from this that a trustee holding property in that capacity for a partnership, of which he was a member, must account to the other members of that partnership for the income and profits realized by him in the administration of the trust property. It would be a waste of time and energy to undertake to demonstrate such a plain equitable principle, or to cite authorities in support of it.

But it is said that if appellee had any cause of action against his recalcitrant partner, he must assert it in another action, and that the lower court after the filing of the mandate should not have undertaken in this action to settle the accounts between the partners. This was an equitable action in the first place, and the chancellor when he entered his first judgment giving the recovery to the plaintiff retained the case on the docket for such future orders and proceedings as might be necessary. When it

came back from this court, and the mandate was filed, there remained unsettled between the parties a thing which had not, up to that time, been considered, the rents, profits and income which had been realized by appellant from the partnership property. Appellee desiring a settlement of those things without a new litigation filed his amended pleading, and the court having charge of the whole matter, properly referred the cause to the commissioner for a settlement of the accounts. The defendant appeared at that settlement, gave his evidence and introduced his witnesses.

Under the provisions of section 134 of the Civil Code, the court may at any time, in furtherance of justice, permit a pleading to be amended which contains allegations material to the case.

The case of Hollowell v. Satterfield, 194 Ky. 117, is illustrative of the point involved. In that case Hallowell brought his action against his partner to establish his right to share in the profits of a mining venture, and from a judgment establishing such right an appeal was taken to this court and the judgment affirmed. Upon the return of the case, the defendant raised the question that the court could not ascertain or adjudge the plaintiff his profits, and that plaintiff must bring an independent action. This court held in that case that where the question was not raised below in the first instance, an objection made for the first time in the Court of Appeals would not be considered, and that this was true also upon an affirmance by this court, as in such case the appellant would be estopped to make such objection. This court affirmed the whole judgment of the circuit court in this case, and a part of that judgment was the keeping of the case on the docket for future orders and proceedings. Aylor v. Aylor, 158 Ky. 713.

2. It becomes wholly unnecessary to determine whether the order filing the second amended petition and again referring the case to the master was void. For after that question had been made by appellant by the filing of his exceptions of May 1st, 1922, and after the parties had by agreement or acquiescence disregarded the former judgment of the court based upon that pleading, the agreed order of August 9, 1922, was entered, wherein appellant was given additional time in which to take other evidence, and it was expressly agreed that

after the taking of such evidence the papers were to be submitted to the judge of the court, and he was to pass upon the exceptions and enter judgment.

This was an express waiver upon the record of any question of jurisdiction growing out of the action of the commissioner under the order of reference theretofore entered, or the action of the court in entering judgment under the pleadings as they then stood.

Not only so, appellant had appeared in court in person after the entry of that order and said he desired the whole controversy settled at that term, and in substance and effect agreed that the master might proceed under that order. We can conceive of no more complete waiver than this agreed order and this conduct of appellant in open court.

3. But appellant claims that the measure of his liability to appellee for rents and profits from the farm was the reasonable rental value of one-half of the land in the condition it was at the time he took possession, and there should be no recovery for issues or profits actually received by him as a result of his own labor, skill and capital applied to the trust property.

This contention is based upon the rule that an occupying tenant is only liable to his co-tenant for such rent upon the common property as he received, in its condition when he took possession.

But appellant was not an occupying tenant in possession of land belonging to him and another; he was, under the opinion of this court, a trustee in possession of and using partnership property. He was acting in a fiducial relation toward his partner whom he had undertaken to exclude from participation in the partnership property. He had fraudulently denied the rights of his partner and had excluded him from the benefits to which he was entitled in that property. He had wrongfully and fraudulently denied the existence of a trust relationship, and when that relation is forced upon him by a judgment of court against his will, he seeks to respond as if he had been at all times only an occupying co-tenant.

The trust relationship in which he placed himself imposes upon him the duty to keep accurate accounts and to account to his partner for everything that has come to his hands. What has been done in this case is that he was charged only with that which he actually received from

the farm, and he has been credited by every dollar which he has expended either in improvements or labor.

There is no serious contention on this appeal that the judgment is excessive.

Judgment affirmed.