## Towles v. Campbell.

(Decided June 8, 1926.)

Appeal from Scott Circuit Court.

1. Appeal and Error—Where Judgment Dismissing Petition on Demurrer was Affirmed on Appeal, Held that Lower Court did Not have Jurisdiction to Entertain Amendment to Petition After Filing of Mandate Therein.—Where demurrer to plaintiff's amended petition was sustained with leave to amend, and on appeal from judgment dismissing petition after he declined to plead further judgment was affirmed, held that lower court did not have juris-

diction to entertain amendment to petition after the filing of mandate therein.

2. Judgment—Judgment Dismissing Petition on Demurrer Bars Subsequent Action Only Where Facts are Well Pleaded, and Does Not Bar Subsequent Action on Petition Supplying Defects in Former Petition.—Judgment dismissing petition on demurrer is decision on merits if facts are well pleaded, and bars subsequent suit on same facts. but if demurrer is sustained because facts are defectively pleaded, judgment does not bar subsequent action on petition supplying defects.

BRADLEY & BRADLEY and J. W. CAMMACK for appellant.

H. C. FORD for appellee.

ᴏOPINION ᴏF ᴛHE ᴄCOURT ʙY JᴜDGE ᴄCLAY—Affirming.

B. G. Towles, who had purchased a tract of land from Jesse Campbell, and was in the peaceable possession thereof under a conveyance containing a covenant of general warranty, sued Campbell for a rescission on the ground that the title was defective. A demurrer having been sustained to the petition, Towles filed an amended petition to which a demurrer was also sustained with leave to amend. Having declined to plead further, the petition was dismissed. On appeal the judgment was affirmed. Towles v. Campbell, 204 Ky. 591, 264 S. W. 1107.

On the filing of the mandate in the court below Towles moved the court to redocket the case and allow him to file an amended petition which was attached to and made a part of the motion. From the order overruling the motion this appeal is prosecuted.

It is true that in some instances the right to file an amended pleading has been upheld where the judgment was reversed for further proceedings or for a new trial, and even in cases where the judgment, though affirmed, did not settle the rights of the parties but left certain matters open for further determination, Hollowell v. Satterfield, 194 Ky. 117, 238 S. W. 412; Illinois Central Railroad Co. v. Kelly, 167 Ky. 745, 181 S. W. 375; Stewart v. Stovall, 202 Ky. 367, 259 S. W. 721, but this is not that kind of a case. Here the demurrer was sustained to the amended petition with leave to amend. Appellant declined to avail himself of this right and the petition was dismissed. On appeal the judgment was affirmed. The judgment was in full force and effect when

the amended petition was offered. That being true there was no action then pending, and therefore no petition to amend. It follows that the court was without jurisdiction to entertain the amendment, and did not err in so holding. Craig v. Welsh-Hackley Coal & Oil Co., 78 S. W. 1122; Houston v. Kidwell, 14 S. W. 377; Brown v. Vancleave, 86 Ky. 381, 6 S. W. 25; Meadows v. Goff, 90 Ky. 540, 14 S. W. 535. Though it be true that a judgment dismissing an action on demurrer forecloses the right to amend, it is not necessarily conclusive on the parties. The rule is that, if the facts are well pleaded in the first petition, the judgment on demurrer is, in effect, a decision upon the merits of those facts, and is a bar to another suit upon substantially the same facts; but if the demurrer be sustained because the facts were defectively pleaded, or some essential allegation was omitted, the judgment on the demurrer is not a bar to a subsequent action on a petition which supplies the defects which were fatal to the petition in the first action. Coleman-Clark Grocery Co. v. Covington Bros. & Co., 186 Ky. 736, 217 S. W. 889.

Judgment affirmed.