# Noel's Administratrix v. Black's Administrator.

(Decided June 24, 1932.)

LESLIE W. MORRIS, for appellant.

E. C. O'REAR and ALLEN PREWITT, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

It is related in the opinion on the first appeal of this case [Black v. Noel's Admx., 240 Ky. 209, 41 S. W. (2d) 1100] that Howard Black sued the administratrix of S. M. Noel's estate for the settlement of a live stock partnership venture, and claimed $2,127 as his share of the profits. The record did not show that exceptions filed to Black's depositions were ruled upon. Considering his testimony in connection with other evidence, this court concluded that the plaintiff had established a just claim, and reversed the decree with directions to enter judgment accordingly. Black later died, and the case was revived in the name of his administrator.

While the offer to file the mandate in the circuit court was under consideration, the defendant moved to enter an order nunc pro tunc sustaining exceptions to the deposition of Black as of the date her exceptions to the master commissioner's report had been sustained. The motion was supported by affidavit that exceptions to the deposition had been filed and argued before the judge and had been sustained by him, but by inadvertence and mistake the order was not entered of record. The defendant's motion was sustained, and a nunc pro tunc order entered accordingly. Nevertheless the court rendered judgment for the plaintiff "pursuant to the mandate of the Court of Appeals." This appeal is from that judgment. A cross-appeal is prosecuted because interest on the claim was allowed only from the date of the entry of the judgment. The statements as to what had occurred with reference to the exceptions to the deposition are not controverted, and there is no dispute as to the propriety of the nunc pro tunc order except as to the time and effect of its entry.

The appellant submits able argument that it is an unlimited inherent attribute of a court to enter an order supplying its own omission or its clerk's omission or putting to record matters of evidence of judicial action which had been actually taken. Monarch v. Brey, 106 Ky. 688, 51 S. W. 191, 21 Ky. Law Rep. 279; Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915D, 678; Ralls v. Sharp's Admr., 140 Ky. 744, 131 S. W. 998; Rogers v. Biggstaff's Executor, 176 Ky. 413, 195 S. W. 777; Benton v. King, 199 Ky. 307, 250 S. W. 1002; Vanzant v. Watson, 230 Ky. 316, 19 S. W. (2d) 994; Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251. So long as the case is under the control of the court, that wholesome rule is available and that judicial power undoubtedly exists. But the trial court had lost control of this case.

It is the inherent power of an appellate court in equity suits to decide and terminate a case by directing a specific judgment upon a reversal of the chancellor's decree. Preece v. Woolford, 200 Ky. 604, 255 S. W. 285. When the court exercises that power, it is conclusive and final, binding alike on the trial court and itself. In this case there was an adjudication on the merits and a particular judgment having the effect of concluding the issues directed. Hence, in the absence of some agreement of settlement, there was nothing else for the trial court to

do but enter that judgment. Neither party had a right to reopen the record and have a retrial when that stage in the proceedings had been reached. Each had had his day in court. Watson v. Avery, 2 Ky. Op. 240; Western Bank v. Coldeway's Executor, 94 S. W. 1, 29 Ky. Law Rep. 651; Davis v. Davis, 182 Ky. 805, 208 S. W. 6; Bernheim v. Wallace, 186 Ky. 459, 217 S. W. 916, 8 A. L. R. 938; Farmers' Bank & Trust Co. v. Stanley, 190 Ky. 762, 228 S. W. 691; Towles v. Campbell, 215 Ky. 34, 284 S. W. 418; Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., 225 Ky. 346, 8 S. W. (2d) 425; Owings v. Rider, 242 Ky. 408, 46 S. W. (2d) 506.

Of course, there is a difference when the reversal of a judgment, whether in equity or at law, leaves the case open. When it is remanded for proceedings as to matters not concluded by the opinion, the effect obviously is otherwise, since there could be no further proceedings without an amendment or change in the record. Fugate v. Gill, 99 S. W. 602, 603, 30 Ky. Law Rep. 731; Preece v. Woolford, supra; Towles v. Campbell, supra.

We have considered the opinion in Wade v. Bryant, 7 S. W. 397, 9 Ky. Law Rep. 875, asserted to be specific authority for entering the nunc pro tunc order. It is to be distinguished at least upon the point that no mandatory direction had been given the trial court. The appeal was simply dismissed. And, regardless of some of the language used in Asher v. Uhl, 122 Ky. 144, 87 S. W. 307, 93 S. W. 29, 27 Ky. Law Rep. 938, 29 Ky. Law Rep. 396, the decision in the case does not sustain appellant's argument. It is against him, for it was held that the losing party had no legal right to file the incongruous pleading referred to upon a return of the case with directions to enter judgment in conformity with the opinion.

It is submitted that in any event the judgment should be credited with a set-off consisting of a note for $625 executed by Black to S. M. Noel and Bowen Henry in an independent transaction. This matter appeared in the record as tending to prove that Noel owed Black nothing, as Black had subsequently become indebted to him. The commissioner's report recommended credit for the note, but it was not referred to in the opinion, and it was held only that the court had erred in sustaining exceptions to the report allowing plaintiff's claim for $2,127. The

note was not in issue; hence no judgment could have been rendered respecting it.

The plaintiff claimed interest on the indebtedness asserted. In his report the commissioner found that he was entitled to interest from the date the judgment should be rendered. This court held he was entitled to his claim. While the matter of interest was not specifically mentioned, it nevertheless followed the claim. The judgment awarded interest from its date March 19, 1932. It is argued that the plaintiff was entitled to interest from the date he filed suit for a settlement of the partnership (January 8, 1925) or at least from the date the judgment should have been entered sustaining the commissioner's report, September 29, 1927. The view expressed as to the effect of the mandate would seem sufficient for holding that interest should have been allowed from the latter date. There is a supporting reason. It was then that the sum due the plaintiff was fixed and determined. Until then his claim was unliquidated. Ashbrook v. Ashbrook, 28 S. W. 660, 16 Ky. Law Rep. 595; Seilbert's Assignee v. Ragsdale, 103 Ky. 206, 44 S. W. 653, 19 Ky. Law Rep. 1869.

Accordingly, upon the original appeal the judgment is affirmed. Upon the cross-appeal it is reversed, with directions to modify the judgment so as to allow the plaintiff interest on his claim from September 29, 1927.