## Brown v. Woods Motor Company.

(Decided March 6, 1934.)

C. C. BAGBY and CHARLES T. CORN for appellant.
NELSON D. RODES for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In December, 1929, the appellee, R. G. Woods, doing business as Woods Motor Company; instituted an action in the Boyle circuit court against appellant, I. C. Brown, to recover possession of a Dodge truck which appellee had sold to the appellant. A part of the purchase price was paid and the remainder thereof to be paid in monthly installments covering a period of one year. By the provisions of the contract the title to the truck remained in appellee, conditioned upon the full payment of the purchase price, with a further provision that in the event appellant defaulted in his payments appellee had the right to repossess the truck. Appellant failed to meet the payments as agreed, whereupon appellee instituted a suit for the purpose of repossessing the truck pursuant to the provisions of the contract. The right to repossess the truck was the only issue involved in the action. The litigation was determined in favor of appellee, adjudging him to be entitled to the possession of the truck, and appellant appealed to this court. The opinion of the case will be found in 239 Ky. 312, 39 S. W. (2d) 507, 509, wherein the history and facts of the case are fully set out. This court affirmed the judgment of the circuit court, holding that pursuant to section 2651b-20, Kentucky Statutes, a part of the Uniform Sales Act (1928), appellant had the right to repossess his property by a proceeding and manner in which he did. However, it was pointed out in the opinion that inasmuch as appellant had paid more than one-third of the purchase price of the truck, same was not entirely forfeited by reason of appellee's right to repossess the truck, and further indicated that the equities between the parties might yet be adjusted. The concluding paragraph of the opinion reads as follows:

"Without any purpose of prejudging, it may be observed that, having regained possession of the chattel, the rights of the buyer inuring to him from the payment of more than one-third of the purchase price of the machine were not forfeited, anything in the contract to the contrary notwithstanding. The Sales Act undertakes to provide appropriate remedies, and, when administered with the application of equitable principles, we have no doubt the rights of both parties will be conserved. See Williston on Sales, sec. 543 et seq., 579; Bankston v. Hill, 134 Miss. 288, 98 So. 689, 37 A. L. R. 88; City of Earlington v. Powell, 226 Ky. 353, 10 S. W. (2d) 1060. Judgment affirmed."

Appellant construed the above-quoted paragraph of the opinion to mean that the case was merely remanded to the circuit court for further proceedings in the same action to adjust the equities of the parties, and proceeded to file his amended answer, counterclaim, and cross-petition asserting his equities therein, and asked to recover of the appellee the sum of $1,400. Summons was duly issued on his pleading and appellee brought before the court. Appellee entered motion to strike the amended answer, counterclaim, and cross-petition, which motion was sustained, and from that judgment appellant has prosecuted this appeal

Counsel for appellant evidently overlooks the fact that the original action involved the single issue whether or not appellee had the right to repossess the truck and that the case was prosecuted to a conclusion on that issue in the circuit court and the judgment affirmed by this court. The question of the equities resulting to appellant by reason of having paid a certain part of the purchase price was not included in the litigation. Had that question been involved and not properly determined by the trial court, then this court could have, and in all probability would have, remanded the case for an adjudication of that question. But the only question before either court (the circuit court or this court) being the right of appellee to repossess the truck, and that question having been finally adjudicated, ended that litigation, and it was then too late to tack to the former action a new and distinct cause of action, notwithstanding both causes of action may have a common source or be based upon the same subject matter. Blackburn v. Blackburn, 200 Ky. 310, 254 S. W. 915; Towles v. Camp-

bell, 215 Ky. 34, 284 S. W. 418; Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 51 S. W. (2d) 955; 4 C. J. p. 1148.

We do not mean to say, however, that by reason of the former litigation, appellant's right to an adjustment of his equities, if any he has, is precluded. That question is not before us.

Perceiving no error prejudicially affecting the substantial rights of appellant, the judgment is affirmed.