## Waterbury v. Waterbury et al.

Nov. 17, 1939.

108

Frank A. Garlove for appellant.

Wilbur Fields for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

On a former appeal the position of parties was the reverse as here presented. The opinion rendered March. 17, 1939, was modified on petition for rehearing May 12, 1939, 278 Ky. 254, 128 S. W. (2d) 568, 574. In the opin-ion we did not decide when interest on the judgment should begin. The lower court had adjudged interest. from the date of dissolution of the alleged (but denied) partnership. In extending the opinion we said:

"Upon consideration of the question of allowance of interest, we have concluded that the court was in error in allowing same from the date upon which the Commissioner found dissolution to have taken place, but that same should have been allowed from the date of judgment."

On January 24, 1939, the mandate of this court was. filed, and appellant by counsel moved the entry of a tendered judgment, which was said to conform to our modified opinion. The court ordered it marked "tendered" but overruled the motion to enter it in its tendered form. Later, judgment was entered rejecting Lawrence's contention that interest should be allowed from the date of

the original judgment, and adjudged him interest from date of the rendered judgment, August 10, 1939. From this judgment Lawrence has prosecuted appeal.

The court also adjudged that Lawrence, plaintiff in the original action, appellee on first appeal and now appellant, should recover of defendants (first case) and appellees here, his costs in the lower court. A supplemental transcript shows that appellees (defendants in original action) had paid costs to the amount of $741.70. On the court's finding on this item appellees have been granted cross-appeal.

It is now contended by appellees that Lawrence should pay all the costs, because such resulted from the liquidation of a partnership, sought by him, and because this court determined that he was the moving cause of the dissolution. As we read the opinion and the original record, we cannot agree that our opinion is so to be construed.

Referring to the matter as to who was in fault in what was a business disagreement, we pointed out that such question was not determined by the lower court, and we avoided going into a discussion of personal matters.

In the last judgment, the court, following our opinion, adjudged that appellant should recover of appellees $11,562.50, somewhat less than the original judgment. Appellees then tendered that sum in payment of the judgment, exclusive of costs. Appellant refused the tender, and the amount was turned over to the court. This sum did not include any interest, and under the court's ruling none was then due.

The original action was filed below in 1933, and reached the judgment stage in 1936. In November of that year it was adjudged that Lawrence should recover of defendants the sum of approximately $16,000 with interest from November, 1933, the determined date of dissolution of the partnership. On appeal this court in its opinion only readjusted the findings of the lower court by reducing the values of certain items of partnership assets, so that the total found to be due Lawrence was $11,562.50, the amount of the late judgment. We closed our original opinion with these words:

"It is therefore considered that the judgment be affirmed in part and reversed in part, and the case

is remanded for proceedings consistent with this opinion."

Later each party filed petition for rehearing, and the court on May 12, 1939, modified the opinion in respect mainly to the interest item, and ordered "judgment reversed with directions to enter judgment in accordance herewith." On the same day mandate was issued, and instead of following the direction in the opinion as modified it directed that "the judgment be affirmed in part and reversed in part and cause remanded."

On May 22, appellee on first appeal moved to recall the mandate, and to amend it so as to allow the appellee damages on a supersedeas bond. There was nothing said in that motion, as we recall, or as the record shows, concerning the form of the mandate, so having in mind that the only objection of appellee was as above stated, and considering that question alone, on June 12, 1939, we overruled the motion.

Later, and on September 14, 1939, counsel for appellees, on original appeal filed in that case, in this court, a motion to withdraw the mandate issued as above stated, and to correct same so as to show that the judgment of the lower court, and on original appeal, was reversed. This motion, with the original record on original appeal, has by order been made a part of this record, and the motion passed on the merits of this appeal.

It is said in brief that the chancellor, on reading the opinion directing reversal, concluded that interest should only run from August 10, 1939, but upon reading the mandate, showing affirmance in part and reversal in part, adjudged that interest was only to be allowed from final judgment a liouidation of the amount due to Lawrence.

As we interpret the chancellor's opinion we are unable to perceive that his conclusion was in any wise based upon, or influenced by the mandate issued, and later filed. His memorandum does not so indicate.

With respect to the matter of allowance of interest to Lawrence, we may say at the outset that in considering this question on appellant's petition for rehearing or modification, we gave it careful attention. In weighing the respective rights of the parties we looked somewhat to equitable principles as applicable in this unfor-

tunate and long-drawn out litigation, but we could not see our way clear to uphold the original judgment for interest from the dissolution date. We endeavored to follow the general applicable rule, to the effect that after ·dissolution and before settlement of a partnership business, no interest should be allowed on an undetermined balance, "unless there be an agreement between the parties, or conditions raising an equity." Ashbrook v. Ash-.brook, 28 S. W. 660, 16 Ky. Law Rep. 593.

Regardless of what was said in the first opinion as ·to Lawrence's attitude when it appeared that the part-·nership could no longer agreeably function, we do not hesitate to say that in all fairness, and under equitable principles, Lawrence should have been recompensed for the use of what portion of capital, no matter how arising, he had in the business, and which was of no value to him until after an accounting.

Had the first judgment stood, then there would have been little dispute as to allowance on interest on the $16,000 or more, as fixed by the commissioner and chancellor. On that appeal we were presented with only two questions: (1) Was the business arrangement a partnership or a business owned by the father? (2) The value of the properties. And at this point it should not be overlooked that it was most strenuously contended that there was no partnership, but that Lawrence was merely an employee.

On the first appeal we found, following the chancellor, that there was a partnership; the commissioner, followed by the chancellor, settled the partnership accounts, as indicated in the first opinion. We disagreed with the chancellor and his commissioner as to the value of many of the items, reducing the amount adjudged to Lawrence by something like $5,000. The effect of this ruling was a direction to the court to fix, as of the date ·of the original judgment, the amount found due Lawrence at that time.

We can well say that applying the general rule, and looking to the equities, that we are of the opinion that the court should have allowed interest on the amount found by this court to have been due Lawrence, as of the date of the original judgment. Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 51 S. W. (2d) 955.

The cross appeal presents the question of costs. The facts related above show that appellees here, who were

defendants, below, have paid the costs as stated. It is true, as appellant here says, that the question of costs was not raised on the first appeal, nor was there any discussion of the amount of costs when the last judgment was entered. This situation does not preclude appellee from raising the question of costs on this appeal. It is likewise true that there was no specific objection or exception to that part of the judgment which awarded costs, but we have held that appeal may be taken from a final judgment, whether upon issues of law or fact, notwithstanding there was neither objection nor exception. Cincinnati Finance Company v. Atkinson's Adm'r, 235 Ky. 582, 31 S. W. (2d) 890.

Concluding the question to be properly raised on cross-appeal, and applying the same equitable principles, it appears to us that it would be unjust and unfair to require the defendants in the original action to bear all the costs. The case presented was an unusual one. Lawrence sued, not for a complete dissolution of the partnership, but for an accounting to him for his share of the assets of the company. The other members disputed partnership, but the courts found to the contrary and directed an accounting to Lawrence for his portion.

In all fairness, each party should bear a portion of the costs. In a suit to settle joint accounts, growing out of joint transactions or adventures, it is proper for the court to divide the costs. Emerson v. Wood, 7 Ky. Law Rep. 364. Where the proceedings are vexatious upon the part of both litigants, and neither is successful each party should pay his own costs. Higgins v. Stoy, 5 Ky. Opin. 352. In Nevian v. New Albany Ice Company, 68 S. W. 647, 24 Ky. Law Rep. 400, there was an allowance to a commissioner and an expert accountant for survey of and report upon various and sundry items, "the services of the expert being required by the careless way in which the accounts were kept," probably due to the fault of both parties. We held that costs should be distributed in equal proportions.

The above case is cited with approval in Poetter v. Poetter, 277 Ky. 662, 126 S. W. (2d) 1119, which involved the settlement of accounts between father and son. The lower court adjudged a division of costs and we affirmed that judgment, it appearing that the accounts were complicated, the transactions extended over a period of years, thus requiring the services of a commissioner.

Here the costs paid the commissioner amounted to $400, the remainder constituted court costs. The commissioner reported that his great difficulty in arriving at the values of various items of claimed assets was due to the fact that there were no books kept by those whose duty it was to do so, or, if kept, not produced or exhibited. So we are of the opinion, looking to the proof, facts and circumstances, as shown and developed by the record, the costs in the entire proceeding, including costs in the lower court on second hearing, should be divided, not equally, but by payment of one third of the costs by appellant here, and the remainder by the appellee. This solution seems to us to be fair and equitable, and may be readily adjusted on a return of the case without disturbing the status of the lien mentioned in the judgment, and it is directed that the judgment below be reversed on both the original and cross appeal, with directions to enter judgment in accordance herewith.

Judgment reversed on original and cross appeal.